Argued September 6, affirmed December 20, 1973

# NIEMELA, *Appellant, v.* COLLINGS, *Respondent.*

### 517 P2d 268

*Ray G. Brown,* Portland, argued the cause and filed briefs for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther,

Spaulding, Kinsey, Williamson & Schwabe and Wayne
A. Williamson, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER,
DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

DENECKE, J.

The jury returned a verdict for the defendant
in this personal injury action. Plaintiff filed a motion
for a new trial contending that several jurors were
guilty of misconduct. Plaintiff's motion was denied
and he appeals.

The defendant's verdict was 11 to 1. The plain-
tiff filed the dissenting juror's affidavit with his mo-
tion for new trial. The affiant stated that the jury
foreman told the affiant that he had ridden with the
defendant bus driver during the trial and that the bus
driver told him that the accident was the plaintiff's
fault. The affiant also stated that another juror stated
she had visited the scene of the accident in order to
better understand the evidence.

The plaintiff's father also filed an affidavit with
the motion for new trial. He stated that he was in the
courtroom when the jury retired after instructions. One
juror "raised his head and made a very distinct com-
munication in the direction of the defendant." The
defendant, according to the affiant, gave a response
with a nod of his head.

No counter-affidavits were filed. According to
the record nothing occurred between December 16,
1972, when the motion for new trial was filed and
February 20, 1973, when the notice of appeal was filed.
The parties agree the motion for new trial is deemed

denied because it was not determined within the prescribed time.[1]

■ The facts alleged in the affidavit of plaintiff's father, without explanation, do not amount to juror misconduct as a matter of law and, therefore, do not require reversal.

■ Defendant contends that the affidavit of the dissenting juror cannot be considered because it was taken in violation of the Multnomah County Circuit Court Rules.

The Multnomah County Circuit Court Rules in effect when the affidavit of the dissenting juror was taken provide:

"(1) Except as may be necessary during trial and except as provided in paragraph (2) of this Rule, an attorney or other person, including a witness, party, county employee or official, or court attache, shall not interview or in any way contact a juror before trial, during trial or after trial, whether before, during or after the close of the Court term and the discharge of the jury panel or a member thereof.

"(2) After notice to the Court, and upon order of such Court, an attorney or such other person as the Court shall designate may contact a juror in the following circumstances:

"(a) During the same term of Court and before discharge of the jury panel, when there is reasonable ground for belief that there has been a mistake in the announcing or recording of a verdict and, in the protection of a client's interest, it may be necessary

---

[1] ORS 17.615 provides, in part: "The motion [for new trial] shall be heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

for an attorney to interview members of the jury to prevent a miscarriage of justice; or

"(b) At any time when there is reasonable ground to believe that the jury, or a member thereof, has been guilty of fraud or of any other misconduct sufficient, if established, to justify setting aside or modifying the verdict or judgment." Rule 2.02, Multnomah County Circuit Court Rules, Oct. 1, 1965.

Opinion 142 of the Oregon State Bar Committee on Legal Ethics, approved by the Board of Governors, states, in essence, the same.

We have repeatedly voiced our antagonism to the indiscriminate practice of interrogating jurors after the verdict. *State of Oregon v. Imlah,* 204 Or 43, 281 P2d 973 (1955); *State v. Gardner,* 230 Or 569, 371 P2d 558 (1962). We consider the Multnomah County Circuit Court Rule to be a salutary rule.

In several cases we have quoted with approval from *Hughes v. Jackson,* 12 Md 450 at 463 (1858):

"Where a Court has established rules for its government and that of suitors, there exists no discretion in the Court to dispense at pleasure with their rules, or to innovate on established practice. * * * ."

*Ainsworth v. Dunham,* 235 Or 225, 230, 384 P2d 214 (1963); *Bratt v. State Industrial Acc. Com.,* 114 Or 644, 647, 236 P 478 (1925).

The parties in their briefs and in oral argument disagree about what transpired concerning the interrogation of the juror. According to the record, however, no notice was made to the trial court and the interrogation of the juror was not made pursuant to court order.

As the affidavit was obtained contrary to the court rules, it will not be considered.[2]

Plaintiff also contends the trial court erred in failing to give a requested instruction about the duty of an automobile driver passing a bicyclist. The trial court did not err since it instructed generally upon the subject.

Affirmed.

---

[2] If the only evidence is affidavits taken in accordance with the procedure here set out and the facts cannot readily be determined from the affidavits, it appears to us that it will be necessary to hold an evidentiary hearing with the evidence produced by testimony subject to cross-examination. While State v. Magers, 36 Or 38, 54, 58 P 892 (1899), did express some doubt about taking oral testimony, we do not construe ORS 17.615-17.625 to prevent the taking of oral testimony subject to cross-examination.

We also suggest that the trial court should not let its denial of a motion for new trial take the form of inaction. When the trial court does not act we are deprived of its evaluation of the evidence. Thomas v. Dad's Root Beer, Etc., 225 Or 166, 172, 356 P2d 418, 357 P2d 418 (1960).