# McELWAIN, *Respondent,*
## *v.*
# KABATOFF, *Appellant.*
### 551 P2d 105

*Robert B. McConville,* Salem, argued the cause and filed briefs for appellant.

*D. Keith Swanson,* of Brown, Burt & Swanson, P.C., Salem, argued the cause and filed a brief for respondent.

Before O'Connell, Chief Justice,* and Holman, Tongue, and Bryson, Justices.

HOLMAN, J.

---

*Chief Justice when the case was argued.

**HOLMAN, J.**

This is an action for damages resulting from personal injuries incurred in an automobile accident. Defendant appeals from a judgment for $45,000 entered pursuant to a jury verdict.

■ Defendant first assigns as error the trial court's admission of evidence of the difficulty plaintiff experienced subsequent to the accident in doing lifting connected with his work. Defendant claims such evidence was inadmissible because plaintiff did not allege any impairment of earning capacity. There was no error because the evidence was relevant to the extent of plaintiff's injury.

■ Defendant next contends the court erred in entering a restraining order preventing her from interviewing the jurors for the purpose of determining whether jury misconduct occurred in reaching the verdict. She first argues that the trial court had no authority to prevent her from so inquiring. The trial court has inherent authority to protect the public's interest in the finality of the adjudicative process and, pursuant to this authority, it has the power to enter an order such as the court entered here. *See Weber v. Kamyr, Inc.,* 269 Or 617, 624, 525 P2d 1307 (1974); *Niemela v. Collings,* 267 Or 369, 371-72, 517 P2d 268 (1973).

■ Defendant next argues that if the court had such authority it abused it in this instance. Defendant filed an affidavit with the court giving her reasons for desiring an interrogation. The first reason is the excessiveness of the verdict. There was evidence that plaintiff received a 50 percent compression fracture of the first lumbar vertebra which caused him to be hospitalized and to wear a body brace for several months but from which he made an excellent recovery with minimal residual symptoms, considering the extent of his injury. We cannot say, considering the injury, that the judgment was so large that the trial judge abused his discretion in not permitting interrogation of the jury to discover possible misconduct by it.

[ 395 ]

■ The second reason given in the affidavit as evidence of possible prejudice is that the testimony at trial showed that defendant had just attended a Jehovah's Witnesses religious service and at the time of the accident was on her way therefrom to distribute religious literature. Because of the frailty of human nature, the world will never be free from religious prejudice. However, we are not aware, without more, that membership or activity of a party in a particular religious faith is a sufficient reason to interrogate jurors after the fact of verdict to determine possible prejudice. The purpose of *voir dire* is to determine the possibility of such prejudice. *State v. Barnett,* 251 Or 234, 445 P2d 124 (1968).

The third reason given for possible prejudice is grounded upon the circumstances which formed the basis for the first assignment of error of which we have previously disposed.

■ The last reason asserted is that following the entry of the verdict, one of the jurors was seen approaching plaintiff, and it is surmised that the juror inquired of plaintiff as to possible common acquaintances in the locality where plaintiff had formerly lived. There is no impropriety in such a conversation between plaintiff and one of the jurors *after* the return of the verdict.

■ The third assignment of error is the trial court's failure to grant defendant's motion for a new trial because excessive damages appeared to have been given under the influence of passion and prejudice. This contention is urged for the same reasons which we have found inadequate to support defendant's other assignments, and we conclude there was no error.

The judgment of the trial court is affirmed.