Ross H. RONISH, Plaintiff-Appellee,

v.

Emmanuel ST. LOUIS, Defendant,

and

Rudolph Collicott, Defendant-Appellee,

and

Turner Valley Transport,
Defendant-Appellant.

No. 77–3292.

United States Court of Appeals,
Ninth Circuit.

June 2, 1980.

Rehearing Denied July 7, 1980.

Cresap S. McCracker, Church, Harris, Johnson & Williams, Great Falls, Mont., for defendant-appellant.

Donald E. Ronish, Lewistown, Mont., Robert J. Emmons, Smith, Emmons, Baillie & Walsh, Great Falls, Mont., for plaintiff-appellee.

Before TANG and FARRIS, Circuit Judges, and BEEKS,* District Judge.

BEEKS, Senior District Judge:

This case involves an appeal by Turner Valley Transport (TVT) from the judgment of the district court finding it and Rudolph Collicott (Collicott) jointly and severally liable to plaintiff Ross Ronish (Ronish), and

* The Honorable William T. Beeks, Senior United States District Judge for the Western District of Washington, sitting by designation.

denying TVT's cross-claim for indemnification. The two questions raised on appeal are: (1) whether the district court erred in finding Ronish not guilty of contributory negligence; and (2) whether *Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc.*, 423 U.S. 28, 96 S.Ct. 229, 46 L.Ed.2d 169 (1975), mandates that TVT be indemnified from Collicott.

We affirm.

TVT is a Canadian trucking company engaged in the business of transporting commodities for hire. Receiving an order to transport pipe from Canada to Wyoming, TVT contracted orally with Emmanuel St. Louis (St. Louis) for use of a truck-tractor and driver, Collicott, to haul a trailer owned by TVT. Decals with TVT's name on them were placed on the truck-tractor, and the bills of lading were issued in its name. Neither St. Louis nor TVT, however, obtained permits from the Interstate Commerce Commission (ICC) or Montana, and the oral agreement was never referred to either the ICC or Montana Public Service Commission.

On the evening of November 23, 1973, while driving near Lewiston, Montana, Collicott collided with a second truck. As a result of the accident, the trailer driven by Collicott jackknifed across the westbound lane. The headlights of Collicott's truck-tractor were on, but the trailer clearance lights were not. Furthermore, flares or other warning devices were not placed on the highway after the initial accident.

Ronish, proceeding westbound on the highway, rounded a curve and entered a descending stretch of roadway. He observed a "glow" to the right of the road caused by the other truck, and noted the headlights of Collicott's truck-tractor. Ronish slowed his approach to approximately 40 miles per hour. Only upon passing through the "blind spot" created by the headlights was Ronish able to see the trailer blocking his lane. Although he braked, he collided with the rear dual wheels of the trailer.

The district court found that Collicott was intoxicated at the time of the accident, that Collicott's negligence proximately caused the injuries to Ronish, and that Ronish was proceeding in a "careful and prudent manner," and, thus, not contributorily negligent. The court further found TVT liable for Collicott's negligence based on the control and responsibility requirements of the ICC regulations. 49 C.F.R. § 1057.-4(a)(4).

■ This being a diversity action, the substantive law of Montana applies. *St. Paul Fire & Marine Insurance Co. v. Weiner*, 606 F.2d 864 (9th Cir. 1979). At the time of the accident, contributory negligence was a bar to recovery under Montana law. *Mont.Rev.Codes Ann.* § 58–607 (1948).

■ The district court found that Ronish was driving in a careful and prudent manner. Under the federal standard of review, *Fed.R.Civ.P.* 52(a), this finding cannot be set aside unless it is clearly erroneous. Although Montana applies the "substantial evidence" test to support the findings of a trial court, *Jessen v. O'Daniel*, 136 Mont. 513, 349 P.2d 107 (1969), the state and federal standards are basically equivalent. We, therefore, need not decide which standard to apply. *Longenecker v. General Motors Corp.*, 594 F.2d 1283 (9th Cir. 1979). Under either standard, the district court would be upheld.

■ The district court denied TVT's request for indemnification from Collicott on public policy grounds. The court found that TVT had not complied with the leasing provisions of the ICC regulations and did not secure the required permits.

The ICC regulations with respect to leased equipment are extensive. 49 C.F.R. § 1057.4. They require that there must be a written lease, that the lessee have exclusive control and complete responsibility for the equipment, and that the lessee must ascertain whether the driver and equipment are in compliance with applicable safety regulations.

TVT admits that these regulations were not complied with, and that there was no written indemnity agreement between it and Collicott. It urges, however, that Mon-

tana law requires indemnification, *Mont. Rev.Codes Ann.* § 41–216, and that *Transamerican Freight Lines, Inc. v. Brada Miller Freight System, Inc., supra*, is controlling. The Montana statute is inapposite because TVT's liability is not premised on the traditional employer-employee relationship; rather TVT is liable as a matter of federal law and regulations. *See Simmons v. King*, 478 F.2d 857 (5th Cir. 1973).

*Brada Miller*, is distinguishable from the present case. In *Brada Miller*, there was a written lease which contained an indemnity clause. In addition, the lessee had complied with all ICC regulations. The court, in *Brada Miller*, stated specifically that "[w]e hold only that the presence in an equipment lease of an indemnification clause directed to the lessor's negligence is not in conflict with the safety concerns of the Commission or with the regulations it has promulgated." 423 U.S. at 41, 96 S.Ct. at 236; *see Truck Insurance Exchange v. Transport Indemnity Co.*, 591 P.2d 188, 192–93 (Mont.1979) (*Brada Miller* distinguished where lease did not have specific indemnification clause).

The present case is analogous to *Carriers Insurance Exchange v. Truck Insurance Exchange*, 310 F.2d 653 (4th Cir. 1962). In that case, the court, ruling on the issue of contribution between lessee and lessor, stated:

> The question of law which arises under these circumstances is whether there may be contribution among joint tort feasors who deliberately ignore statutory provisions enacted for the safety of the public and engage in an enterprise in the course of which injuries are inflicted on third parties by the negligence of one of the participants. In our opinion neither wrongdoer is entitled to recover from the other in this situation.

310 F.2d at 657–58.

Here, a written lease between the parties was absent, and, more importantly, TVT ignored the ICC safety regulations designed to protect the public from the type of accident here involved. Accordingly, the dismissal of TVT's indemnity claim was required.