Nellie KABATOFF, Plaintiff-Appellee,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a corporation, Defendant-Appellant.

No. 78–2717.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 1980.

Decided Sept. 10, 1980.

Carrell F. Bradley, Schwenn, Bradley & Batchelor, Hillsboro, Or., for defendant-appellant.

William F. Schulte, Portland, Or., for plaintiff-appellee.

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

Before KILKENNY and PREGERSON, Circuit Judges, and TAKASUGI,* District Judge.

PREGERSON, Circuit Judge:

This diversity case involves a claim under Oregon law against an insurer for bad faith failure to settle a claim asserted against its insured. The insurer, Safeco Insurance Co., appeals from the district court's judgment awarding the insured, appellee Nellie Kabatoff, $20,000 in damages for Safeco's failure to settle a personal injury claim asserted against her. Safeco also appeals from the district court's award to Kabatoff of $25,-000 as reasonable attorney's fees. Finding no error, we affirm.

Appellee Nellie Kabatoff was involved in an automobile accident with Jack McElwain in Marion County, Oregon on February 28, 1974. McElwain sued Kabatoff in Oregon state court for $57,000 in damages for personal injuries sustained in the accident. Appellant Safeco was Kabatoff's insurer, and by the terms of the insurance contract, Safeco exercised total control over the defense and settlement of the McElwain action. During pretrial settlement negotiations, McElwain offered to settle the litigation for $10,000. Safeco's highest settlement offer was $6,500, even though Safeco had established a cash reserve of $22,500. The case was ultimately tried to an Oregon jury which returned a verdict in favor of McElwain for $45,000.[1] Kabatoff's policy limit was $25,000; hence, she was personally liable for the excess $20,000.

Kabatoff then filed the present action in United States District Court for the District of Oregon, seeking $20,000 in damages for Safeco's asserted bad faith failure to settle the state case. A federal jury returned a verdict in favor of Kabatoff for the full $20,000. In addition, United States District Judge Belloni ordered Safeco to pay Kabatoff $25,000 as reasonable attorney's fees.

1. The verdict was affirmed on appeal and is reported at *McElwain v. Kabatoff*, 275 Or. 393, 551 P.2d 105 (1976).

Safeco now argues on appeal that: (1) the federal district judge erred in instructing the jury that Safeco was liable if it acted in bad faith *or* if it failed to exercise due care in settling the claim against its insured; (2) the evidence is insufficient to support the verdict; and (3) the award of attorney's fees is unreasonable.

In this diversity action, the federal district court must apply the substantive law of the forum state, Oregon. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We accord substantial deference to the district court's construction of the law of the state in which it sits. *Holcomb Construction Co. v. Armstrong*, 590 F.2d 811, 813 (9th Cir. 1979); *Lewis v. Anderson*, 615 F.2d 778 (9th Cir. 1979). Moreover, we will not overrule a district judge on questions of construction of state law unless the judge's determinations are "clearly wrong." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). As to the $20,000 jury verdict, under the federal standard of review, a jury's verdict may not be disturbed unless it is clearly erroneous. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576, 23 L.Ed.2d 129 (1969). Although Oregon applies the substantial evidence test to support a jury verdict, *see Myers v. Cessna Aircraft Corp.*, 275 Or. 501, 553 P.2d 355, 362 n.2 (1976), the state and federal standards are basically equivalent. *Ronish v. St. Louis*, 621 F.2d 949 at 949–951 (9th Cir. 1980). To support the jury's verdict, we, therefore, need not decide which standard—federal or state—is appropriate. *Longenecker v. General Motors Corp.*, 594 F.2d 1283, 1285 (9th Cir. 1979).[2]

**2.** While we are not required to decide this question, we believe that, in a diversity case, the federal standard of review of a jury verdict should apply. As this court has previously stated:

> In general the standard of appellate review is a procedural matter in which the forum will utilize its own standards even when it is applying the substantive law of another jurisdiction. . . . In [the] context [of review of finding of fact] the state standard is not binding upon a federal court.

The district judge, in substance, instructed the jury that Safeco was liable if it negligently failed to settle the claim against its insured or failed to settle the claim because of bad faith. Safeco contends that under *Eastham v. Oregon Automobile Insurance Co.*, 273 Or. 600, 540 P.2d 364, *rehearing denied*, 273 Or. 610, 542 P.2d 895 (1975), its sole duty toward its insured was to act in good faith and that, therefore, the inclusion of a negligence standard in the jury instructions was error. We disagree. Although the *Eastham* decision analyzes the insurer's duty to settle a third party's claim against the insured in terms of "good faith," the Oregon Supreme Court, in denying a petition for rehearing in *Eastham*, made clear that there is little difference between the concepts of good faith and due care in the context of an insurer accepting or rejecting a settlement offer in a case where there is a likelihood of a verdict in excess of the policy limits. 542 P.2d at 896. *See also Kriz v. Government Employees Insurance Co.*, 42 Or.App. 339, 600 P.2d 496, 500 (1979) ("It is well established that an insurer may be liable to its insured for the excess of a judgment over the limits of a liability policy if the insurer has failed, negligently or in bad faith, to settle the claim against the insured."). The district judge's challenged instruction, framed in terms of negligence or bad faith, was, therefore, correct.

Safeco's next argument is that the evidence is insufficient to support the verdict. Evidence supporting the $20,000 verdict against Safeco includes:

(1) Safeco's determination that Kabatoff was clearly liable for McElwain's injuries;

*Felder v. United States*, 543 F.2d 657, 664 (9th Cir. 1976) (footnote omitted); *cf.* Restatement (Second) of Conflict of Laws § 135, Comment a (1971) (the law of the forum determines whether a party has introduced sufficient evidence to warrant a finding in its favor on an issue of fact); *Safeway Stores v. Fannan*, 308 F.2d 94, 97 (9th Cir. 1962) (federal standard applies to whether evidence was sufficient to raise a question of fact for the jury); 5 Moore's Federal Practice ¶ 38.10 at 101–08 (2d ed. 1979) (effect of *Erie RR. Co. v. Tompkins* on sufficiency of evidence to present question for jury).

(2) Safeco's knowledge before trial that McElwain's injuries were substantial;

(3) McElwain's offer to settle his claim in full for $10,000, a sum well within the policy limits;

(4) Safeco's final settlement offer to McElwain of $6,500;

(5) Safeco's willingness, unbeknownst to McElwain, to increase the settlement offer to $8,200 if McElwain lowered his demand;

(6) Safeco's cash reserve of $22,500 on McElwain's claim;

(7) Expert testimony that McElwain's $10,000 settlement offer was reasonable and should have been accepted by a prudent insurer and that a jury verdict below $10,000 was improbable.

Both parties agree that the central question at trial was whether Safeco acted as though there were no policy limits applicable to the claim so that the risk of loss would presumably be borne by Safeco entirely. Put another way, Safeco is liable under the negligence/bad faith test if "the risks [to the insured] of unfavorable results were out of proportion to the chances of a favorable outcome [i. e., one within the policy limits]." *Eastham*, 540 P.2d at 367.

The facts summarized above provide an adequate basis for a jury to conclude that there was an unreasonable risk to the insured of a verdict in excess of the policy limits and that, therefore, Safeco acted negligently or in bad faith when it failed to settle McElwain's claim against Kabotoff for a sum well within her policy limits. The jury's verdict was supported by substantial evidence and, accordingly, is not clearly erroneous.

Finally, Safeco argues that the district court's award of $25,000 as attorney's fees is unreasonable where the underlying federal complaint prayed for damages in the amount of $20,000. Safeco argues that Kabatoff's attorneys spent an inordinate amount of time on a case presenting no novel or complex issues and that the attorneys unnecessarily duplicated work.

In a diversity action, the question of attorney's fees is governed by state law. *Schulz v. Lamb*, 591 F.2d 1268, 1272 (9th Cir. 1978); *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978). Under Oregon law, the question of what amount constitutes a reasonable attorney's fee is an issue of fact to be determined as any other issue of fact. *Progress Quarries, Inc. v. Lewis*, 281 Or. 441, 575 P.2d 158, 163 (1978). The standard of review of a finding of fact by a federal court applying state law is the clearly erroneous standard of Fed.R.Civ.P. 52(a). *See Felder v. United States*, 543 F.2d 657, 664 (9th Cir. 1976). In determining a reasonable attorney's fee under Oregon law, the following factors are relevant:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the result obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*See Chalmers v. Oregon Automobile Insurance Co.*, 263 Or. 449, 502 P.2d 1378, 1381–82 (1972).

Having reviewed the record in light of these factors, we cannot say that the district court's award of fees is clearly erroneous.

The district court's judgment in this case is AFFIRMED.