Argued and submitted March 29, reversed and remanded for new trial June 12, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# REYES ARNOLDO FIERRO,
*Appellant.*

(89-31B-C-1; CA A62704)

813 P2d 57

Irene B. Taylor, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions for possession of a controlled substance, ORS 475.992(4), and frequenting a place where controlled substances are used. ORS 167.222. He asserts, and the state concedes, that the trial court erred by failing to obtain defendant's consent to a jury of less than 12 persons. Or Const, Art I, § 11; ORS 136.210(1). A defendant's affirmative consent on the record is required before a trial can proceed with less than 12 persons on the jury. *State v. Lutz,* 306 Or 499, 502, 760 P2d 249 (1988).[1]

Reversed and remanded for a new trial.

---

[1] We note that defendant also assigns error to the trial court's refusal to allow his counsel an opportunity to question prospective jurors about their previous jury experience. The scope of *voir dire* examination is within the trial court's discretion. In *State v. Barnett,* 251 Or 234, 237, 445 P2d 124 (1968), the court said that "[t]he trial court cannot * * * prohibit counsel from seeking information about prospective jurors which is obviously relevant." A party is not limited by a prospective juror's general answer to a question about impartiality and fairness, but may, within reason, pursue the matter and ask questions about particular beliefs and feelings. *See State v. Barnett, supra.*