453

Argued and submitted August 26, reversed and remanded for new trial
November 23, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY ALLEN HOLCOMB,
*Appellant.*

. (C92-12-37654; CA A79794)

886 P2d 14

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Stephanie S. Andrus, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals his conviction for burglary in the first degree after a trial to a jury. ORS 164.225. He argues that the trial court erred in denying his motion for a new trial on the ground of juror misconduct. We reverse.

During voir dire, the court asked the prospective jurors, "Is there anyone who has ever been accused of a criminal offense, not counting traffic?" No juror, including Young, responded affirmatively. The court also asked whether any of the jurors had been a past victim of a burglar. Kalvelage answered that he had been a burglary victim about 10 years earlier. After the trial, Flecker, a juror on the panel, contacted defendant's counsel. Flecker told counsel that Kalvelage and Young had lied in response to the questioning during voir dire. Flecker said that, during jury deliberations, Kalvelage stated that he had been robbed "on many occasions." Young admitted that he had stabbed a burglar in his house and, as a result, had needed to hire an attorney to defend him. Defendant's counsel later determined that, prior to the time of defendant's trial, Young had been convicted of assault in the first degree and felon in possession of a firearm.[1]

■ Based on the information provided by Flecker, defendant filed a motion for a new trial on the ground of juror misconduct. The rule governing impeachment of verdicts because of juror misconduct is set out in *Carson v. Brauer*, 234 Or 333, 345, 382 P2d 79 (1963):

"The kind of misconduct of a juror that will be considered in an attack upon a verdict * * * is misconduct that amounts to fraud, bribery, forcible coercion or any other obstruction of justice that would subject the offender to a criminal prosecution therefor. We do not necessarily use the words 'fraud,' 'bribery,' 'forcible compulsion,' and 'obstruction of justice' in a purely technical sense, but as words that denote such serious breach of the juror's duties that the trial judge would be justified in citing him for nothing less than a contempt of court."

---

[1] At the hearing on defendant's motion for a new trial, the prosecutor revealed that she had, in fact, prosecuted Young, although she had no recollection of it at the time of trial.

Our review of the trial court's decision whether to grant a new trial is for abuse of discretion. *Ertsgaard v. Beard*, 310 Or 486, 496, 800 P2d 759 (1990).

Defendant argues that the jurors' failure to tell the truth during voir dire prevented the court and counsel from adequately inquiring about the jurors' background and how that background might affect the jurors' ability to hear the case. Defendant contends that, as a result, he was deprived of an impartial jury and a fair trial, in violation of the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution.

The state argues that any juror misconduct does not require a new trial. It relies on *Ertsgaard v. Beard, supra.* There, during voir dire, a juror had been silent about her belief that the defendant doctor had successfully treated a member of her family. During jury deliberations, she related that fact. The Supreme Court stated:

> "[A juror takes] an oath to give true answers to all questions touching upon the juror's qualification to act as a fair and impartial juror in the case. A juror's violation of such an oath would *ipso facto* constitute misconduct if a relevant untrue answer were given or a relevant fact intentionally concealed and if such misconduct prejudiced the complaining party. As this court has said, '[t]he purpose of *voir dire* is to determine the possibility of * * * prejudice.' *McElwain v. Kabatoff*, 275 Or 393, 396, 551 P2d 105 (1976)." 310 Or at 491.

The court determined, however, that the juror's comments disclosed the basis of her pre-existing bias but constituted only "argument, not superior knowledge of a pivotal fact concerning some issue in the case actually being decided by the jury." 310 Or at 498. The court held that the comments were not the type of juror misconduct that would permit the court to grant a new trial.

The state argues that the facts here are not as "egregious" as those in *Ertsgaard*. It contends that here the jurors "simply had more extensive dealings with the criminal justice system than they revealed at voir dire." The state argues that, even assuming that Kalvelage and Young "made misrepresentations" during voir dire, there was no error in

denying defendant's motion for a new trial, because defendant failed to show how he was prejudiced by the misrepresentations.

■ We agree with the state that the statements made by Kalvelage do not constitute juror misconduct. There is nothing in the record to show that Kalvelage was truthful when he said in the jury room that he had been robbed many times, and his statements constitute an utterance that does not warrant impeachment of the verdict. *See Carson v. Brauer, supra,* 234 Or at 345. However, in regard to Young, there are significant differences between the circumstances here and those in *Ertsgaard,* and we conclude that defendant has shown juror misconduct that warrants a new trial.

In *Ertsgaard,* the juror had revealed during voir dire that she knew the defendant. The plaintiff's counsel, therefore, had an opportunity to ask the juror additional questions that would have revealed bias. However, the question that she was asked was not one that specifically required her to reveal that she was favorably disposed towards the doctor:

> "Some form of the question, 'Anything else we should know about you?' is asked by virtually every trial lawyer who picks a jury. The question is perfunctory. While there may be times when even answers to questions like it could serve as a basis for granting a new trial, we think such occasions will be very rare and this is not one of them." 310 Or at 492. (Footnote omitted.)

Here, the court specifically inquired whether prospective jurors had been charged with criminal offenses. Young's failure to respond affirmatively to that question was not just a misrepresentation; it was a lie. Furthermore, it was a lie that foreclosed the opportunity for defense counsel to ask questions that might have revealed the possibility that Young's involvement with the criminal justice system would prevent him from being an impartial juror.[2]

■ The state contends that defendant did not claim that he would have used his peremptory challenges and has not otherwise shown how he was prejudiced. We disagree. Young's lie subverted the very process that seeks to ensure

---

[2] As defendant's counsel noted at the hearing, there was a possibility that Young's assault conviction resulted from his encounter with the burglar.

that a defendant has an impartial jury. It is the kind of juror misconduct that cannot be considered harmless or condoned under either the state or federal constitutions.

Reversed and remanded for new trial.