Damon STOUT, an individual,
Plaintiff—Appellant,

v.

GULF UNDERWRITERS INSURANCE
COMPANY, an entity of unknown
origin, Defendant—Appellee.

No. 08–55419.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2009.*

Filed May 7, 2009.

Daniel C. Lapidus, Lapidus & Lapidus a Professional Law Corporation, Los Angeles, CA, Brian J. Wright, Lapidus & Lapidus, Beverly Hills, CA, for Plaintiff–Appellant.

David Billings, Anderson, McPharlin & Conners LLP, Los Angeles, CA, for Defendant–Appellee.

Appeal from the United States District Court for the Central District of California, R. Gary Klausner, District Judge, Presiding.  D.C. No. CV–07–02727–RGK–CW.

Before: GOODWIN, O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff Damon Stout sued Defendant Gulf Underwriters Insurance Company in this diversity action alleging breach of an insurance contract and related claims. The insured under the policy was Magnum Entertainment Group, Inc.  Plaintiff worked for Magnum as a composer and performer to create advertising jingles for

---

* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the Coca–Cola Company. After Magnum was involuntarily dissolved, Plaintiff sued it, alleging that Magnum had used his compositions without authorization, and obtained a default judgment. Magnum assigned its indemnity claims against Defendant to Plaintiff. In this action, Plaintiff claims that Defendant owes him the amount of the default judgment. The district court granted summary judgment to Defendant. On de novo review of this timely appeal, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir.2008), we affirm.

1. Plaintiff's complaints to Magnum did not amount to a "Claim" against Magnum as defined by the applicable insurance policy. Coverage applied to a copyright claim if, among other things, during the policy period the insured made a formal "demand or assertion of a legal right seeking **Damages**." That did not occur. Plaintiff was seeking "commissions or charges" for his "services," a category expressly excluded from the definition of "Damages." Additionally, during the policy period Plaintiff made no written demand with details regarding the claim, as the policy also requires.

2. Magnum failed to comply with all of the terms of the insurance policy. Specifically, Magnum *never* notified Defendant of Plaintiff's copyright action. No one notified Defendant "in writing immediately," as the policy required. Under Georgia law, which applies here, *Kabatoff v. Safeco Ins. Co. of Am.*, 627 F.2d 207, 209 (9th Cir.1980), "immediately" means with reasonable diligence and in a reasonable length of time. In this case, the two years that elapsed between Plaintiff's filing his copyright action and Defendant's becoming aware of that action do not evince reasonable diligence or a reasonable length of time.

AFFIRMED.