MEMORANDUM **
Plaintiff Damon Stout sued Defendant Gulf Underwriters Insurance Company in this diversity action alleging breach of an insurance contract and related claims. The insured under the policy was Magnum Entertainment Group, Inc. Plaintiff worked for Magnum as a composer and performer to create advertising jingles for *436 the Coca-Cola Company. After Magnum was involuntarily dissolved, Plaintiff sued it, alleging that Magnum had used his compositions without authorization, and obtained a default judgment. Magnum assigned its indemnity claims against Defendant to Plaintiff. In this action, Plaintiff claims that Defendant owes him the amount of the default judgment. The district court granted summary judgment to Defendant. On de novo review of this timely appeal, Dietrich v. John Ascuaga’s Nugget, 548 F.3d 892, 896 (9th Cir.2008), we affirm.
1. Plaintiffs complaints to Magnum did not amount to a “Claim” against Magnum as defined by the applicable insurance policy. Coverage applied to a copyright claim if, among other things, during the policy period the insured made a formal “demand or assertion of a legal right seeking Damages.” That did not occur. Plaintiff was seeking “commissions or charges” for his “services,” a category expressly excluded from the definition of “Damages.” Additionally, during the policy period Plaintiff made no written demand with details regarding the claim, as the policy also requires.
2. Magnum failed to comply with all of the terms of the insurance policy. Specifically, Magnum never notified Defendant of Plaintiffs copyright action. No one notified Defendant “in writing immediately,” as the policy required. Under Georgia law, which applies here, Kabatoff v. Safeco Ins. Co. of Am., 627 F.2d 207, 209 (9th Cir.1980), “immediately” means with reasonable diligence and in a reasonable length of time. In this case, the two years that elapsed between Plaintiffs filing his copyright action and Defendant’s becoming aware of that action do not evince reasonable diligence or a reasonable length of time.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.