***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 20, 2022, reversed and remanded for entry of judgment omitting no-contact provisions, otherwise affirmed September 27, 2023, petition for review denied February 1, 2024 (372 Or 26)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AARON PATRICK SHAFFER,
aka Aaron Patrick Schaffer,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR68717; A175079

Christopher A. Ramras, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded for entry of judgment omitting no-contact provisions; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals his judgment of conviction for fourth-degree assault, ORS 163.160, four counts of first-degree burglary, ORS 164.225, and attempted fourth-degree assault, ORS 163.160, ORS 161.405. The charges arose from interactions defendant had with two neighbors in which defendant entered their homes without permission, took food and other items, and eventually engaged in physical altercations with both neighbors. On appeal, defendant raises four assignments of error. For the following reasons, we reverse and remand for entry of judgment omitting the no-contact provisions and otherwise affirm.

In his first assignment of error, defendant claims that the trial court erred when it failed to give the witness-false-in-part jury instruction in ORS 10.095(3). That subsection provides that on all proper occasions, the court is to instruct the jury that "a witness false in one part of the testimony of the witness may be distrusted in others." *Id.* We review the trial court's refusal to give the instruction for legal error and consider the testimony and other evidence in the light most favorable to defendant, the party who requested the instruction. *State v. Payne*, 366 Or 588, 607, 468 P3d 445 (2020).

Assuming without deciding that the issue was preserved, the trial court did not commit legal error in refusing to give the instruction. A "proper occasion" to give the instruction is "when, considering the testimony and other evidence a party has brought to the court's attention * * *, the trial court concludes that sufficient evidence exists for the jury to decide that at least one witness consciously testified falsely and that the false testimony concerns a material issue." *Id.* at 600. The record here, viewed in the light most favorable to giving the instruction, does not support a conclusion that either neighbor consciously testified falsely, and mere inconsistencies or discrepancies in testimony do not support giving the instruction. *See State v. Hall*, 324 Or App 802, 811-12, 526 P3d 815 (2023) (determining that a witness's varying descriptions "suggest[ed] an imprecise description, confusion, or differences in perspective," not false testimony).

In his second assignment of error, defendant claims that the trial court erred when it denied his motion for a new trial under ORCP 64 B(6). Because the basis for the motion for a new trial was not juror misconduct or newly discovered evidence, it is unreviewable on appeal. *See* ORS 138.105(4)(a) (regarding the appellate court's authority to review the denial of a motion for a new trial); *State v. Alvarez-Vega*, 240 Or App 616, 619, 251 P3d 199, *rev den*, 350 Or 297 (2011).

In defendant's third assignment of error, he argues that the trial court erred when it denied his motion for a new trial under ORCP 64 B(1) to (3). Our answer above resolves defendant's argument insofar as the motion relied on ORCP 64 B(1) and (3). Therefore, the only issue before us relating to defendant's third assignment of error is whether there was error under ORCP 64 B(2); specifically, defendant's argument that there was juror misconduct when the jury foreperson did not speak up about his belief "that defendant's face mask made him look villainous."

Defendant wore a face mask during his trial, which took place during the COVID-19 pandemic. After the trial, the *New York Times* published an article about criminal trials during the pandemic. The jury foreperson from defendant's trial was interviewed as part of the article. The article reported that the jury foreperson had anticipated the trial to have been more serious than he believed it turned out to be: "I absolutely thought, 'Oh crap—this is a serious one' * * * Thus my surprise when I saw what the case was. I kind of went, 'What?'" The article also went on to report that "[t]he defendant wore a mask, which in [the jury foreperson's] view made him look a little like the infamous villain Hannibal Lecter. 'I would have liked to have seen his whole face,' he said. 'If nothing else, out of curiosity.'"

Defendant argues that the article demonstrates jury misconduct because it proves that the jury foreperson impermissibly remained silent when the trial court asked about any possible biases, and that that silence foreclosed the opportunity for defense counsel to explore the issue of masking with the juror. We disagree.

We review a trial court's ruling on a motion for a new trial for errors of law. *State v. Walker*, 223 Or App 554,

561, 196 P3d 562 (2008), *rev den*, 346 Or 185 (2009). If the trial court made no predicate legal error, then this court reviews for abuse of discretion. *Id.*

The primary evidence presented in support of the motion was the *New York Times* newspaper article.[1] The trial court correctly determined that the unsworn statements contained in that article, including statements that were not even direct quotes from the jury foreperson, were insufficient to support a motion for a new trial. *See State v. Jones*, 126 Or App 224, 227, 868 P2d 18, *rev den*, 318 Or 583 (1994) (explaining that juror misconduct justifying a new trial is "misconduct that is extrinsic to the communications between jurors during the deliberative process or that amounts to fraud, bribery, forcible coercion or any other obstruction of justice that would subject the offender to contempt of court or criminal prosecution" (footnote omitted)).

Moreover, the trial court raised the issue of masks, and the jurors' perception of people in them, when it explained why it would ask witnesses to testify without masks. At that point, defense counsel could readily have concluded that there were possible issues with trial participants being masked and could have asked for the jury to be questioned more directly about those issues. This case is therefore unlike the cases in which we have found misconduct because the disclosure of possible bias depended on the prospective juror speaking up. *See, e.g.*, *State v. Holcomb*, 131 Or App 453, 457, 886 P2d 14 (1994) (explaining that the juror's failure to disclose his prior criminal charges when asked by the trial court "foreclosed the opportunity for defense counsel to ask questions that might have revealed the possibility that [the juror's] involvement with the criminal justice system would prevent him from being an impartial juror"). Here, the possible bias was apparent. It was thus defense counsel's responsibility to inquire about it. *See id.* This record does not establish misconduct, and the trial court did not err when it denied the motion for a new trial.

In his fourth assignment of error, defendant claims that the trial court erred when it imposed a no-contact

---

[1] Defendant also submitted a photograph of Hannibal Lecter and a case that supported his arguments under ORCP 64(6).

provision in addition to a term of incarceration. As part of the judgment, the trial court imposed a no-contact provision as a condition of confinement: "Applies to all counts: No contact with victims, [the neighbors]." Defendant concedes that the issue is unpreserved but asks us to review for plain error. The state concedes the error is plain, and we find the concession well taken. *See State v. Hall*, 282 Or App 9, 11, 385 P3d 1225 (2016), *rev den*, 360 Or 752 (2017) (accepting the state's concession concerning a condition of incarceration that imposed a no-contact provision and exercising our discretion to correct the error). The parties agree that the appropriate remedy is to remand the judgment with an instruction to the court to omit the no-contact provisions.

Reversed and remanded for entry of judgment omitting no-contact provisions; otherwise affirmed.