Argued and submitted September 21, 1987, judgment vacated and remanded for further determination April 6, reconsideration denied May 20, petition for review allowed June 7, 1988 (306 Or 78)

STATE OF OREGON,
*Respondent,*

*v.*

MARK HENRY LUTZ,
*Appellant.*

(85-4260-C-3 & 85-4270-C-3;
CA A41902 (Control) & A41903)
(Cases consolidated)

752 P2d 845

Allan D. Sobel, Portland, argued the cause and filed the brief for appellant.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jens Schmidt, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for harassment and sexual abuse in the first degree. The verdicts were returned by an 11-member jury, and defendant protests that he was denied the right under ORS 136.210(1) to have his case decided by a 12-member jury. He also challenges the indictment and two evidentiary rulings. We remand for the trial court to determine whether defendant consented to be tried by an 11-member jury.

The charges involved sexual conduct with defendant's daughter. Trial began on April 16, 1986, and a jury of 12 members was empaneled. The following morning one of the jurors apparently called in sick and was excused by the court. The trial proceeded with 11 jurors. The record does not disclose any objection by either party or any express consent by defendant for the trial to proceed with only 11 jurors. The only reference in the record to the matter is:

> "THE COURT:   Ladies and gentlemen of the jury, * * *, Juror Number 6, called in sick this morning, so we'll go without him. Eleven of your number will decide the case. It will still be 10 or more of your number needed to concur for a verdict. So that explains the empty chair."

Defendant was found guilty of both charges.

Two of defendant's claims of error relate to the size of the jury. He first argues that the court abused its discretion in excusing the juror and that, under ORCP 58D, it should have made further inquiry.[1] The record does not disclose that defendant made such an objection or otherwise called the matter to the court's attention. ORCP 58D reposes discretion in the trial court to determine if a juror should be excused. Defendant's first contention comes too late.

---

[1] ORCP 58D provides:

"If, after the formation of the jury, and before verdict, a juror becomes sick, so as to be unable to perform the duty of a juror, the court may order such juror to be discharged. In that case, unless an alternate juror, seated under Rule 57 F., is available to replace the discharged juror or unless the parties agree to proceed with the remaining jurors, a new juror may be sworn, and the trial begin anew; or the jury may be discharged, and a new jury then or afterwards formed."

The record does not disclose that defendant objected to the court excusing the juror. There is no indication that the court abused its discretion in determining that the excused juror could not continue.

■        The second challenge is that the record does not show that defendant consented to be tried by fewer than 12 jurors. ORS 136.210(1) provides:

> "Except as provided in subsection (2) of this section, in criminal cases the trial jury shall consist of 12 persons unless the parties consent to a less number."

Defendant argues that a jury of fewer than 12 is tantamount to no jury and thus, in order for him to have been tried by fewer than 12 jurors, he must have executed a written waiver under Article I, section 11, of the Oregon Constitution and ORS 136.001(2). He contends that, pursuant to our holding in *State v. Milstead,* 57 Or App 658, 646 P2d 63, *rev den* 293 Or 483 (1982), he is entitled to a new trial, because there is no written waiver. While we agree that the constitution and ORS 136.001 require a personal, written waiver of trial by jury, we do not read ORS 136.210(1) to require the same formality as to the size of the jury. *See State v. Robinson,* 22 Or App 340, 539 P2d 164, *rev den* (1975). A defendant's consent to fewer than 12 jurors may be oral or in writing.

■        Although we will not read a written consent requirement into ORS 136.210(1), we consider that the right to a 12-member jury is a significant one, and, we conclude that consent to fewer than the statutory number will not be implied from a silent record or from a defendant's failure to object to the trial continuing with a juror absent. An affirmative oral consent by the defendant, or by counsel on his behalf, is a necessary minimum safeguard to the right to trial by a jury of 12 persons. If a defendant does not consent in some fashion to a lesser number, the court must follow the procedure mandated by ORCP 58D. Here, there is nothing in the record to indicate consent.

■        We turn, then, to whether the fact that the record does not disclose defendant's consent requires reversal. In *Guinn v. Cupp,* 304 Or 488, 747 P2d 984 (1987), the Supreme Court adopted a process of remand in cases like this one which involve significant procedural omissions in the trial record. There, the defendant had appeared in shackles before the jury and the trial court had neglected to make factual findings justifying the shackling. Although the court was reviewing the case on post-conviction relief, it stated:

> "Where, as here, the issue does not concern evidence relating

to the defendant's guilt or innocence, but concerns a trial court's decision on a procedural matter (such as the decision to shackle) and where, as here, it appears that the matter was considered by the trial court off the record, it is appropriate to remand to the trial court to hold a hearing and make findings on the issue." 304 Or at 498-99.

The present case involves a procedural matter that appears to have been considered by the trial court in chambers and off the record. We vacate the judgment and remand for the trial court to determine whether defendant consented to being tried by fewer than 12 jurors. If the court finds that he consented, the judgment shall be reinstated. If, however, the court finds that he did not consent, then he is entitled to a new trial.

Because the trial court, on remand, has the option of reinstating the judgment, it is necessary to address the other claims of error.

■ Defendant assigns error to the trial court's failure to grant his motion in arrest of judgment. ORS 136.500. He asserts that the facts alleged in the indictment do not state the crime of harassment. ORS 135.630(4). The indictment alleges that defendant

"did unlawfully and with the intent to harass, annoy and alarm [the victim], subject [the victim] to offensive physical contact, to wit: by causing her to place her mouth on a dog's penis."

*Former* ORS 166.065(1)(a) provided that a person commits "harassment if, with intent to harass, annoy or alarm another person, [he]: [s]ubjects another to offensive physical contact." Defendant's references to the facts shown at trial are irrelevant. The issue here is not what the evidence showed, but whether the allegations stated in the indictment constitute an offense. If, as the indictment alleges, defendant "caused" a physical object, a dog's penis, to come in contact with the victim and that contact is "offensive," then the crime of harassment has been made out. *See State v. Keller,* 40 Or App 143, 150, 594 P2d 1250 (1979). The indictment adequately states the offense.

Defendant next contends that the court erred in overruling his objection to a question asked of a witness for the state. The witness, Dr. Williams, was testifying as an expert on sexual abuse of children. The witness was asked about a

child's perception of certain types of sexual activity. Defendant's only objection was, "I think that calls for a conclusion this witness is incapable of making." The court ruled that the question was within the expertise of the witness and that her opinion would be helpful to the jury. On appeal, however, defendant contends that the question and answer were erroneously admitted, because "no witness, expert or otherwise, can comment directly or indirectly on whether another witnesses' testimony is truthful." We decline to address this theory, raised for the first time on appeal. *See Stanfield v. Laccoarce,* 284 Or 651, 588 P2d 1271 (1978); ORAP 7.19(5).

Defendant's final assignment relates to an objection to the testimony of another state's witness, who testified to the contents of a telephone conversation. Defendant objected that the evidence was hearsay. On appeal, he makes the same argument. The state responds that the evidence was received, not for the truth of the matter stated, but to explain the actions of the victim's mother. We agree with the state's analysis. In any event, the same evidence was presented by the testimony of a previous witness and that testimony is not made the subject of a claim of error. Consequently, if the court erred in allowing the second witness to recite the statement, it was harmless and does not require reversal.

Judgment vacated; remanded to determine whether defendant consented to jury of fewer than 12 persons; if defendant consented, judgment shall be reinstated; if not, court shall order a new trial.