Argued and submitted July 14, the decision of the Court of Appeals modified,
judgment of the trial court vacated, and case remanded to trial court for a new trial
August 30, 1988

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# MARK HENRY LUTZ,
*Petitioner on Review.*

(TC 85-4260-C-3, 85-4270-C-3;
CA A41902, A41903; SC S35161)

760 P2d 249

Allan D. Sobel, Southfield, Michigan, argued the cause and filed the petition for petitioner on review.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, Linde, Campbell, Carson, Jones, and Gillette, Justices, and Van Hoomissen, Justice pro tempore.

VAN HOOMISSEN, J., pro tempore.

**VAN HOOMISSEN, J.,** pro tempore.

Defendant appeals his convictions for harassment and sexual abuse in the first degree. ORS 166.065, 163.425. He contends that the trial court abused its discretion in discharging a juror and committed an error of law in continuing his trial with only 11 jurors. The Court of Appeals held that he waived any objection to the discharge. However, it vacated his conviction and remanded the case to the trial court to determine whether he had consented to be tried by an 11-person jury. *State v. Lutz*, 90 Or App 247, 752 P2d 845 (1988). The dispositive issue is whether the trial court's failure to obtain defendant's consent on the record to an 11-person jury requires a new trial. We conclude that it does. Therefore, we modify the Court of Appeals' decision, vacate the trial court's judgment and remand the case for a new trial.

On the first day of defendant's trial, a jury was impaneled and the state began presenting its case. The next day, a juror called the trial judge stating that he was sick. The judge discharged the juror. When the court was reconvened, the judge stated:

> "Ladies and gentlemen of the jury, Mr. Christian, Juror Number 6, called in sick this morning, so we'll go without him. Eleven of your number will decide this case. It will still be 10 or more of your number needed to concur for a verdict."

The record does not affirmatively show that the trial court obtained defendant's consent to proceed with only 11 jurors. Defense counsel did not object. Defendant was convicted and sentenced on both charges.

Defendant argues that the trial court erred in not obtaining his consent on the record to continue with an 11-person jury. ORCP 58D;[1] ORS 136.210(1).[2] He argues further

---

[1] ORCP 58D provides:

"If, after the formation of the jury, and before verdict, a juror becomes sick, so as to be unable to perform the duty of a juror, the court may order such juror to be discharged. In that case, unless an alternate juror, seated under Rule 57 F., is available to replace the discharged juror or unless the parties agree to proceed with the remaining jurors, a new juror may be sworn, and the trial begin anew; or the jury may be discharged, and a new jury then or afterwards formed."

ORS 136.330(1) provides:

"ORS 10.100 and ORCP 58 B., C. and D. * * * apply to and regulate the conduct of the trial of criminal actions. * * *"

[2] ORS 136.210(1) provides:

"Except as provided in subsection (2) of this section, in criminal cases the trial jury shall consist of 12 persons unless the parties consent to a less number. * * *"

that the Court of Appeals should not have remanded the case to permit the trial court to make a record that was not made at trial. The state agrees that a defendant must consent to a jury of less than 12 persons. It argues, however, that the Court of Appeals was correct in remanding the case to the trial court for a determination of whether defendant did consent. The state relies on *Guinn v. Cupp,* 304 Or 488, 498-99, 747 P2d 984 (1987).

■ We first address the appropriateness of our review. Defendant did not object at trial to continuing with only 11 jurors. Generally, this court will not address questions of law not raised and preserved in the trial court. *State v. Hickmann,* 273 Or 358, 360, 540 P2d 1406 (1975); ORAP 7.19(5).[3] However, in this case, the issue was considered and decided by the Court of Appeals and, therefore, we address the merits of defendant's claim.[4]

■ The Court of Appeals held:

"Although we will not read a written consent requirement into ORS 136.210(1), we consider that the right to a 12-member jury is a significant one, and, we conclude that consent to fewer than the statutory number will not be implied from a silent record or from a defendant's failure to object to the trial continuing with a juror absent. An affirmative oral consent by the defendant, or by counsel on his behalf, is a necessary minimum safeguard to the right to trial by a jury of 12 persons. If a defendant does not consent in some fashion to a lesser number, the court must follow the procedure mandated by ORCP 58D. * * *" 90 Or App at 250.

We agree that there must be affirmative consent.[5]

---

[3] ORAP 7.19(5) provides:

"Alleged errors will not be considered on appeal unless preserved in the lower court and assigned as error in the appellant's or cross-appellant's opening brief, except that the appellate court may take notice of errors of law apparent on the face of the record. * * *"

[4] ORAP 10.15(2) provides:

"If the Supreme Court accepts review, it may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions properly before the Court of Appeals that the petition or the response claims were erroneously decided by that court. The Supreme Court's opinion need not address each such question. The court may consider other issues that were before the Court of Appeals."

[5] Defendant argues that the consent must be in writing and that he personally must make it. Because there was no consent on the record here, we need not address those issues. Certainly, written consent is preferable.

■ In this case, there is nothing on the record showing that defendant consented. The discharge of a juror and the decision to proceed with the remaining jurors are matters of importance bearing on the conduct of a trial. Proceeding with the trial without defendant's consent on the record was reversible error. The Court of Appeals correctly vacated defendant's conviction.

■ We do not agree, however, that the case should be remanded to the trial court for a determination of whether defendant consented "off the record." In remanding, the Court of Appeals relied on *Guinn v. Cupp, supra,* a post-conviction case. In *Guinn,* this court held that, without the necessary factual findings in the record, the trial court erred when it allowed the defendant to appear before the jury in shackles. This court stated that, because the question was one regarding the trial court's exercise of its discretion on a procedural ruling, this court would have remanded the case for further findings on the shackling issue if the case had been before it on direct appeal. 304 Or at 498-99. A remand in *Guinn v. Cupp, supra,* would have allowed the trial judge to make a record explaining his exercise of discretion. The issue here is not the exercise of a trial judge's discretion on a procedural matter. There is no exercise of discretion to explain.

In this case, the trial could not proceed without defendant's consent. We will not remand to permit the trial court to determine whether defendant consented "off the record." A criminal trial should be conducted on the record. The trial courts of this state are courts of record and nothing of importance bearing on the conduct of the trial should be "off the record." The discharge of a juror, and the decision to continue a trial with the remaining jurors, are matters of such importance. Failure to show on the record defendant's consent to proceeding with less than 12 jurors was error which may not be cured by a remand.

The decision of the Court of Appeals is modified, the judgment of the trial court is vacated, and the case is remanded to the trial court for a new trial.