Argued and submitted November 21, 1991, reversed and remanded for new trial
February 12, reconsideration allowed by opinion July 22, 1992
See 114 Or App 297 (1992)

# STATE OF OREGON,
*Respondent,*

*v.*

# LEONARDO D. CASTREJON,
*Appellant.*

(9004-32451; CA A66770)

826 P2d 68

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals from his conviction for unauthorized use of a motor vehicle. ORS 164.135. The question is whether the jury instruction defining "reasonable doubt" was adequate.

The trial court instructed the jury:

"Now, the law presumes the defendant is innocent. The burden is upon the State to prove that the defendant is guilty beyond a reasonable doubt. *Reasonable doubt means just that.* After considering all of the evidence, if you have a reasonable doubt as to defendant's guilt, then you must find defendant not guilty. On the other hand, the State is not required to prove guilt beyond all doubt, but beyond a reasonable doubt." (Emphasis supplied.)

Defendant first contends that the trial court erred in refusing to give his requested jury instruction, Uniform Criminal Jury Instruction No. 1006.[1] He argues that "UCrJI No. 1006 is a statutorily required instruction" and points to ORS 10.095(6), which provides, "[I]n criminal cases a person is innocent of a crime or wrong until the prosecution proves otherwise, and guilt shall be established beyond reasonable doubt." Nothing in that statute requires that a particular definition of "reasonable doubt" be provided to the jury. Defendant's argument is without merit.

Defendant also submits that the trial court's instruction "did not convey to the jury the required standard of conviction." In *State v. Hyde*, 28 Or App 809, 814, 561 P2d 659, *rev den* 278 Or 621 (1977), we wrote:

"Reasonable doubt is a difficult concept to define. The best the court can do is to *impress upon jurors in an effective manner the solemnity of their decision and the magnitude of certainty with which they should act.* Whether that is done by reference to 'a reasonable man' or by reference to 'you' does not affect the effectiveness of an instruction which otherwise conveys to the jury the required standard of conviction. So

---

[1] UCrJI No. 1006 provides, in part:

"Reasonable doubt means an honest uncertainty as to the guilt of the defendant. Reasonable doubt exists when, after careful and impartial consideration of all the evidence in the case, you do not feel convinced to a moral certainty that the defendant is guilty. Proof beyond a reasonable doubt is such as you would be willing to act upon in the most important of your own affairs."

long as an instruction conveys that idea and is not clearly misleading, we will not overturn the verdict on that basis." (Emphasis supplied.)

■     By instructing the jury that "[r]easonable doubt means just that," the trial judge utterly failed "to impress upon jurors in an effective manner the solemnity of their decision and the magnitude of certainty with which they should act." Even if the jury had understood the inference, imbedded in the court's instruction, that reasonable doubt means "not * * * beyond all doubt," the definition provided was inadequate to educate the jury on the standard that it was required to apply.

This is not a case in which part of the "reasonable doubt" instruction contained an erroneous statement of the law. *See State v. Chin*, 24 Or App 713, 546 P2d 1095, *rev den* (1976). Instead, *no* statement of the law was provided; reasonable doubt was left wholly undefined. The likelihood of misunderstanding and misapplication was substantial.

Reversed and remanded for a new trial.