Submitted on respondent's petition for reconsideration filed April 20, petition for reconsideration allowed; opinion (111 Or App 299, 826 P2d 68) withdrawn; affirmed July 22, reconsideration denied November 4, petition for review allowed November 24, 1992 (314 Or 727)

## STATE OF OREGON,
*Respondent,*

*v.*

## LEONARD D. CASTREJON,
*Appellant.*

(9004-32451; CA A66770)

834 P2d 528

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Robert B. Rocklin, Assistant Attorney General, Salem, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

Rossman, J., dissenting.

## BUTTLER, P. J.

The state has petitioned for review of our opinion, 111 Or App 299, 826 P2d 68 (1992), which we treat as a petition for reconsideration. ORAP 9.15. We withdraw our opinion and affirm the conviction.

In our original opinion, we reversed because the trial court had failed to define "reasonable doubt"; instead, it gave this instruction:

> "Now, the law presumes the defendant is innocent. The burden is upon the State to prove that the defendant is guilty beyond a reasonable doubt. Reasonable doubt means just that. After considering all of the evidence, if you have a reasonable doubt as to defendant's guilt, then you must find defendant not guilty. On the other hand, the State is not required to prove guilt beyond all doubt, but beyond a reasonable doubt."

On appeal, defendant assigned error to the court's failure to give his requested jury instruction, UCJI No. 1006, contending that that instruction is required by statute and that the court's failure to give it constituted reversible error. Although we stated correctly that the statute, ORS 10.095(6), does not require that a particular definition of reasonable doubt be provided to the jury, we held that the trial court erred in not defining reasonable doubt.

After our opinion issued, the Supreme Court decided *State v. Williams*, 313 Or 19, 828 P2d 1006 (1992), in which the defendant assigned as error the giving of a jury instruction defining reasonable doubt. The court discussed at great length the meaning of reasonable doubt and the advisability of attempting to define the phrase. It quoted this language from *State v. Morey*, 25 Or 241, 256, 35 P 655 (1894):

> " '[I]nnumerable efforts have been made by the courts to define the expression "reasonable doubt," as used in the criminal law, but so far none of them have [*sic*] met with universal approval, or been remarkable for accuracy of expression or clearness of thought, and in many jurisdictions the courts have declined to enter into any explanation of what the term means, because it is believed the term itself is as well calculated to convey to the mind of the juror its own meaning as any definition which can be given, and that to try to give a specific meaning to the word reasonable is * * *

"trying to count what is not number, and to measure what is not space."

" 'The utmost confusion exists in the adjudged cases in this matter of definition, and instances abound in the books where the same definition has been held error in one jurisdiction and as correct in another, and this is even true in the same state. * * * This [confusion] grows out of the inadequacy of language to make plainer, by further definition or refining, a term the meaning of which is within the comprehension of every person capable of understanding common English.' " 313 Or at 36.

The court then noted that that description of the state of the law is an apt description of its current confused state. It then pointed out:

"Defendant argues that the phrase 'reasonable doubt' is its own best explanation. Many courts, including this one, have voiced agreement with that proposition. *See, e.g., State v. Robinson, supra,* 235 Or at 528 ('reasonable doubt' is a term so commonly known and understood that it requires no embellishment); *People v. Monk,* 199 Or 165, 193, 260 P2d 474 (1953) (quoting *People v. Klein,* 305 Ill 141 [, 137 NE 145 (1922),] that '[t]here is no more lucid definition of the term "reasonable doubt" than the term itself'); *State v. Morey, supra,* 25 Or at 257 (reasonable doubt is within the comprehension of every person capable of understanding common English and further definition cannot make it plainer)." 313 Or at 39.

Here, the trial court did not attempt to define reasonable doubt, and it was not required to. As in *Williams,* the instruction given did not mislead the jury to believe that it could convict on a lesser degree of proof than that required; therefore, it was not error.

On reconsideration, we conclude that the instruction given by the trial court was not reversible error.

Petition for reconsideration allowed; opinion withdrawn; affirmed.

**ROSSMAN, J.,** dissenting.

The majority holds that a jury need not be told the meaning of the phrase "beyond a reasonable doubt." In so doing, it commits a mistake which, for some future defendant

in a capital case, could be *fatal*. Because its holding contravenes a fundamental precept of our system of jurisprudence and because it is based on a misreading of *State v. Williams*, 313 Or 19, 828 P2d 1006 (1992), I must dissent.

Reasonable doubt is *the* underpinning of a criminal case. Even the sacrosanct presumption of innocence, *see* ORS 136.415, is "nothing more than another way of emphasizing the state's burden of proving the defendant's guilt beyond a reasonable doubt." *State v. Kessler*, 254 Or 124, 128-29, 458 P2d 432 (1969); ORS 10.095(6). To instruct a jury that "reasonable doubt means just that," as the trial court did in this case, is to treat cavalierly one of the most significant rights of any criminal defendant.

During my years as a trial judge, it became abundantly clear to me that juries needed and wanted help in understanding the concept of "reasonable doubt." The great majority of this state's trial judges have carefully developed well-reasoned and easily understood jury charges. Generally, those instructions start with the basic premise that the accused — sitting before the jury — is presumed innocent. Just because the grand jury, law enforcement or a private citizen says that the defendant is guilty of a crime does not make it so. The presumption of innocence stays with the defendant from the moment the accusation is made and throughout the trial until the state is able to overcome it by proving defendant's guilt "beyond a reasonable doubt" as to each and every element of the charge. At the conclusion of the trial, the traditional instructions zero in on the meaning of "reasonable doubt." Most often, the jury is told that reasonable doubt means an honest uncertainty as to the guilt of the defendant; it does not mean *every possible doubt* that may arise in one's mind. "Reasonable doubt" is not a matter of mathematical or absolute certainty. Neither is it a trivial or unimportant doubt. It is doubt that may be entertained by a reasonable person after a careful consideration and comparison of all the evidence; a doubt that would cause a reasonable person to pause or hesitate in matters of vital concern. If the jury has such a doubt, it must give the defendant the benefit of it. Those are but a few of the common admonitions that give "reasonable doubt" the definition that it requires and the attention that it deserves.

I believe that good trial practice necessitates that kind of definitional assistance. *See United States v. Wosepka,* 757 F2d 1006, 1009 (9th Cir), *mod* 787 F2d 1294 (9th Cir 1985) ("Given the complexity of this case, the court's abbreviated instruction [regarding reasonable doubt] failed to provide the jury with any meaningful principles or standards to guide it in evaluating the sufficiency of the government's evidence"). Case law and jury studies support the conclusion that the concept of reasonable doubt is not commonly understood by jurors. Failure to define it results in hung juries and improper convictions on the basis of evidence that is equally balanced between guilt and innocence. *Note,* "Reasonable Doubt: To Define, or Not to Define," 90 Colum L Rev 1716, 1722-23 (1990). That would be especially true when the same jury has earlier resolved a civil case in which it was instructed to simply weigh the evidence and pick the winner on the basis of the greater weight of the evidence.

The majority concludes that, under *State v. Williams, supra,* trial courts are not required to define reasonable doubt. *Williams* absolutely does *not* reach that result, and neither should we. First, in quoting *State v. Morey,* 25 Or 241, 256-57, 35 P 655 (1894), the Supreme Court did no more than sum up the historically "confused state" of the law regarding definitions of reasonable doubt. 313 Or at 36. The court made no attempt to clear up the confusion. Instead, it acknowledged the existence of divergent opinions on the matter and concluded that "Oregon law *is clear,* however, *on one point.* Including the term 'moral certainty' in an instruction defining reasonable doubt is not necessarily error." 313 Or at 36. (Emphasis supplied.)

In addressing the argument that "the phrase 'reasonable doubt' is its own best explanation," 313 Or at 39, *Williams* comes quite close to deciding the question with which we are now faced. However, it does *not* decide the matter. It simply notes: "Many courts, including this one, have voiced agreement with that proposition." 313 Or at 39. Although today's majority is content to rely on that sentence and conclude that it somehow provides authority for the establishment of a rule that "reasonable doubt" need not be defined, it fails to read the next sentence, in which the court writes, in rhetorical fashion, that, "*If* defendant is right,"

then it is safe to assume that juries know the correct burden of proof to apply * * * unless the phrase 'moral evidence' detracted from the correct standard." 313 Or at 39-40. (Emphasis supplied.)

In sum, *Williams* does not lay to rest the question of whether trial courts must define reasonable doubt for the jury. Even the state acknowledges that, although the Supreme Court has occasionally *assumed* that no definition of reasonable doubt is necessary, it has never so *held*. Unfortunately, neither the state nor today's majority are willing to admit that the court has actually gone one step further: It has created the expectation that, in Oregon courtrooms, reasonable doubt *will* be defined. In *State v. Morey, supra*, the court wrote:

"Almost innumerable efforts have been made by the courts to define the expression 'reasonable doubt,' as used in the criminal law, but so far none of them have met with universal approval * * *, and *in many jurisdictions the courts have declined to enter into any explanation of what the term means*, because it is believed the term itself is as well calculated to convey to the mind of the juror its own meaning as any definition which can be given * * *. *In this state, however, the practice prevails, in instructing juries in criminal cases, for the courts to attempt to define the term*, and the familiar definition of Chief Justice Shaw in the celebrated Webster case is generally adopted." 25 Or at 256. (Emphasis supplied.)

The court then suggested that "trial courts should adopt [that instruction[1]], rather than struggle for originality where *precedent alone* should govern." 25 Or at 257. (Emphasis supplied.) Oregon precedent would provide the jury with a definition of reasonable doubt. *See State v. Robinson*, 235 Or

---

[1] Uniform Criminal Jury Instruction No. 1006 is based on Chief Justice Shaw's charge to a jury. *State v. Williams, supra*, 313 Or at 35. It provides:

"The defendant is innocent unless and until the defendant is proven guilty beyond a reasonable doubt.

"The burden is on the state to prove the guilt of a defendant beyond a reasonable doubt.

"Reasonable doubt means an honest uncertainty as to the guilt of the defendant. Reasonable doubt exists when, after careful and impartial consideration of all the evidence in the case, you do not feel convinced to a moral certainty that the defendant is guilty. Proof beyond a reasonable doubt is such as you would be willing to act upon in the most important of your own affairs."

524, 528, 385 P2d 754 (1963). Indeed, in *every single case* that has come before the Oregon appellate courts with a challenge to the adequacy of a "reasonable doubt" instruction, some definition was provided by the trial court.

I note that the Washington Supreme Court has concluded that one of the "indispensable functions" of a trial judge in a criminal case is "[t]o declare that each element of the crime must be proven beyond a reasonable doubt, *and [to] define the standard of reasonable doubt." State v. Coe*, 101 Wash 2d 772, 684 P2d 668, 677 (1984). (Emphasis supplied.) California provides a statutory definition of reasonable doubt, Cal Penal Code § 1096, and a California court has held that "[s]ua sponte instruction is required * * * to define the basic elements of the charged offense [and] to *explain the concept* of presumption of innocence and reasonable doubt[.]" *People v. Sering*, 232 Cal App 3d 677, 688, 283 Cal Rptr 507. (Footnotes omitted; emphasis supplied.) Oregonians have nothing to gain by empaneling juries that are allowed to determine guilt or innocence on the basis of their subjective understanding of "beyond a reasonable doubt."

Because due process requires that jurors rationally apply the applicable standard of proof in criminal trials, and because rational application is impossible when the standard is not understood, I would hold that reasonable doubt must be defined in the trial court's charge to the jury.