Argued and submitted March 3, decision of the Court of Appeals and judgment of the circuit court affirmed July 22, 1993

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## LEONARDO D. CASTREJON,
*Petitioner on Review.*

(CC 9004-32451; CA A66770; SC S39642)

856 P2d 616

Mary M. Reese, Deputy Public Defender, Salem, argued the cause on behalf of petitioner on review. With her on the petition was Sally L. Avera, Public Defender, Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause on behalf of respondent on review. With him on the response to the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

UNIS, J.

**UNIS, J.**

The issues in this criminal case are whether a jury instruction on reasonable doubt was proper and whether an unpreserved claim of error is available for appellate review.

Defendant was charged with unauthorized use of a vehicle, ORS 164.135. The trial court gave the jury the following instruction on reasonable doubt:

> "Now, the law presumes the defendant is innocent. The burden is upon the State to prove that the defendant is guilty beyond a reasonable doubt. Reasonable doubt means just that. After considering all of the evidence, if you have a reasonable doubt as to defendant's guilt, then you must find defendant not guilty. On the other hand, the State is not required to prove guilt beyond all doubt, but beyond a reasonable doubt."

The jury found defendant guilty, and the court entered a judgment of conviction. Defendant appealed, arguing that the quoted instruction was "circular" and "clearly misleading" and did not impress on the jurors the solemnity of their decision and the magnitude of certainty required to justify a guilty verdict. Defendant also assigned as error the trial court's refusal to give his requested jury instruction, Uniform Criminal Jury Instruction (UCrJI) 1006, defining "reasonable doubt."[1] Defendant argued that ORS 10.095(6)[2] requires that UCrJI 1006 be given in a criminal case and that the failure of the trial court to give that instruction when requested is reversible error.

---

[1] At the time of defendant's trial, UCrJI 1006 provided:

"The defendant is innocent unless and until the defendant is proven guilty beyond a reasonable doubt.

"The burden is upon the state to prove the guilt of a defendant beyond a reasonable doubt.

"Reasonable doubt means an honest uncertainty as to the guilt of the defendant. Reasonable doubt exists when, after careful and impartial consideration of all the evidence in the case, you do not feel convinced to a moral certainty that the defendant is guilty. Proof beyond a reasonable doubt is such as you would be willing to act upon in the most important of your own affairs."

As the Comment to UCrJI 1006 (December 1992) explains, the instruction has since been changed to remove the reference to moral certainty in the light of *Cage v. Louisiana*, 498 US 39, 111 S Ct 328, 112 L Ed 2d 339 (1990), and *State v. Williams*, 313 Or 19, 34-42, 828 P2d 1006 (1992).

[2] The text of ORS 10.095(6) is set forth *infra*, 317 Or at 205-06.

The Court of Appeals reversed and remanded, concluding that the instruction given on reasonable doubt "was inadequate to educate the jury" on the required standard and that the "likelihood of misunderstanding and misapplication was substantial." *State v. Castrejon*, 111 Or App 299, 302, 826 P2d 68 (1992). The court rejected defendant's contention that ORS 10.095(6) requires that UCrJI 1006 be given. *Id.* at 301. The state petitioned for reconsideration, relying primarily on this court's discussion of reasonable doubt in *State v. Williams*, 313 Or 19, 34-42, 828 P2d 1006 (1992), which was decided after the Court of Appeals issued its decision in *State v. Castrejon, supra*. The Court of Appeals allowed the state's petition, withdrew its opinion, and affirmed the judgment of the trial court, holding that "the trial court did not attempt to define reasonable doubt, and it was not required to. * * * [T]he instruction given did not mislead the jury to believe that it could convict on a lesser degree of proof than that required." *State v. Castrejon*, 114 Or App 297, 300, 834 P2d 528 (1992). This court allowed defendant's petition for review.

Defendant makes the same arguments that he made in the Court of Appeals. In addition, defendant argues that (1) "ORS 10.095(6) and state jurisprudence require that the [trial] court give some definition of the term reasonable doubt"; (2) the term "reasonable doubt" does not adequately convey the standard of proof to the understanding of the average juror without further definition; and (3) the instruction on reasonable doubt given by the trial court violated defendant's due process rights under the federal constitution because "there is a reasonable likelihood that the instructions led the jury to convict defendant using a diluted standard of proof."

We first consider defendant's arguments under state law. *See State v. Nielsen*, 316 Or 611, 618, 853 P2d 256 (1993) (state law arguments considered first). Defendant argues that the trial court erred in refusing to give UCrJI 1006 and that ORS 10.095(6) requires that a jury be instructed pursuant to UCrJI 1006. We disagree.

■■ ORS 10.095(6) provides that "[t]he jury * * * [is] to be instructed by the court on all proper occasions * * * [t]hat in criminal cases a person is innocent of a crime or wrong

until the prosecution proves otherwise, and guilt shall be established beyond a reasonable doubt." In construing a statute, the task of this court is to discern the intent of the legislature. ORS 174.020; *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). The inquiry into legislative intent begins with an examination of the words of the statute. ORS 174.010; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). ORS 174.010 directs this court, in construing a statute, "simply to ascertain and declare what is, in terms or in substance, contained therein, *not to insert what has been omitted, or to omit what has been inserted.*" (Emphasis added.) Nothing in ORS 10.095(6) requires that a particular definition of "reasonable doubt" be given to the jury.[3] With remarkable clarity, ORS 10.095(6) states merely that a jury is to be instructed that a criminal defendant is presumed innocent and is to be acquitted unless his or her guilt is established beyond a reasonable doubt.[4] The instruction on reasonable doubt given by the trial court met the statutory requirement.

■     Defendant next argues that the instruction on reasonable doubt given by the trial court was circular and misleading and did not impress on the jury the solemnity and importance of its decision. We are not persuaded by that argument.[5] In *State v. Pratt*, 316 Or 561, 576, 853 P2d 827 (1993) (quoting *State v. Williams, supra*, 313 Or at 38), this court stated that " '[u]nless a reasonable doubt instruction misleads the jury to believe that it can convict on a lesser degree of proof than that required, the court will not find error.' " In *State v. Williams, supra*, 313 Or at 39, this court observed:

> "Many courts, including this one, have voiced agreement with [the] proposition [that the phrase 'reasonable doubt' is its own best explanation]. *See, e.g., State v. Robinson*, [235

---

[3] The Comment to UCrJI 1006 incorrectly states that UCrJI 1006 is required by ORS 10.095(6).

[4] ORS 136.415 provides:

> "A defendant in a criminal action is presumed to be innocent until the contrary is proved. In case of a reasonable doubt whether the guilt of the defendant is satisfactorily shown, the defendant is entitled to be acquitted."

[5] This court has treated this argument as a separate argument from claims based on the state or federal constitution. *See, e.g., State v. Williams, supra*, 313 Or at 40.

Or 524, 528, 385 P2d 754 (1963)] ('reasonable doubt' is a term so commonly known and understood that it requires no embellishment); *State of Oregon v. Monk*, 199 Or 165, 193, 260 P2d 474 (1953) (quoting *People v. Klein*, 305 Ill 141[, 137 NE 145 (1922),] that '[t]here is no more lucid definition of the term "reasonable doubt" than the term itself'); *State v. Morey*, [25 Or 241, 257, 35 P 655 (1894)] (reasonable doubt is within the comprehension of every person capable of understanding common English and further definition cannot make it plainer)."

In this case, the instruction on reasonable doubt given by the trial court comports with this court's prior statements of the law. The instruction was not circular; it did not mislead the jury to believe that it could convict on a lesser degree of proof than proof beyond a reasonable doubt. The instruction was intelligible without further definition, and it impressed on the jury the solemnity and importance of its decision.

Defendant also argues that the instruction on reasonable doubt given by the trial court violated his due process rights under the federal constitution.[6] Defendant's petition for review asserts:

"Although not specifically raised at trial below, this instruction [on reasonable doubt] also prejudiced defendant in that it violated his due process right under the federal constitution. The due process clause prohibits jury instructions that have the effect of allowing a finding of guilt on a lesser degree of proof. *Cage v. Louisiana*, 498 US [39], 111 S Ct 328, 112 L Ed 2d 339 (1990), * * * *Estelle v. McGuire*, ____ US ____, 112 S Ct 475, 482, n.4, 116 L Ed 2d 385 (1991). For

---

[6] Section 1 of the Fourteenth Amendment to the Constitution of the United States, cited by defendant, provides in part:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Defendant also asserts for the first time on review, without making a direct claim of a violation, that Article I, section 33, of the Oregon Constitution, along with ORS 10.095(6) and ORS 136.415, requires that a defendant's guilt be established by proof beyond a reasonable doubt. We do not consider that issue for the same reason that we do not consider defendant's argument based on the federal constitution, discussed *infra*.

the reasons stated in defendant's argument, there is a reasonable likelihood that the instructions led the jury to convict defendant using a diluted standard of proof."

■ Defendant acknowledges that he did not raise a due process claim at trial. We, therefore, must determine whether that argument may be considered on review. ORAP 5.45(2) provides that "[n]o matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record." *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (raising an *issue* at trial ordinarily is essential; identifying a *source* for a claimed position is less so; making a particular *argument* is even less so).

As previously noted, defense counsel, before the jury was instructed, requested that the trial court give UCrJI 1006 instead of the court's proposed instruction on reasonable doubt.[7] Counsel did not specify any basis for the

---

[7] The following exchange occurred:

"[Defense counsel]: I would — if we could request the standard uniform instruction on reasonable doubt, rather than the one listed on Page 3 of the Court's [packet of instructions].

"The Court: I am going to give the one I normally give. I will give you my reasons for the record. I think it is misleading to instruct a jury [on] that because I do not and I don't think anyone can tell me what a moral certainty is, I believe — I have a great faith in the English language that the drafters of the United States Constitution and the Oregon Constitution meant what they said, they said beyond a reasonable doubt. And I also do not like the standard instruction about that. * * *

"[Defense counsel]: I am not necessarily —

"The Court: So for that reason, I decline to give it."

Contrary to the implication in the trial court's statement, neither the state nor the federal constitution contains an *express* requirement that proof be established in a criminal case "beyond a reasonable doubt." It is, however, well established that federal due process, applied to state criminal trials, contains such a requirement. *State v. Williams, supra*, 313 Or at 40 (citing *In re Winship*, 397 US 358, 90 S Ct 1068, 25 L Ed 2d 368 (1970)). *See Sullivan v. Louisiana*, ___ US ___, 113 S Ct 2078, 124 L Ed 2d 182 (1993) (a constitutionally deficient jury instruction on reasonable doubt can never be harmless error).

In *Brown v. Multnomah County Dist. Ct.*, 280 Or 95, 98-99, 570 P2d 52 (1977), this court stated:

"The third guarantee [argued by defendant] — proof beyond a reasonable doubt — is not expressed in the constitution, though it may well be implicit in the concept of a 'criminal prosecution' [in Article I, section 11, of the Oregon Constitution,] as understood when the constitution was adopted in 1859."

requested instruction. Although the trial court's statement to counsel refers to the state and federal constitutions, there is nothing in the record to suggest that defendant had raised a specific due process objection or, indeed, any objection to the trial court's proposed instruction; rather, counsel simply requested that UCrJI 1006 be given.

After the jury was instructed, defense counsel excepted to the trial court's instruction on reasonable doubt and stated that counsel's own instruction should have been given.[8] As with the initial request for UCrJI 1006, counsel made no argument and stated no constitutional basis for his exception to the trial court's instruction on reasonable doubt or for his request that UCrJI 1006 be given. In other words, defense counsel did not make a particular *argument* or identify a *source* for a due process claim in the trial court. Moreover, counsel simply did not raise at trial any *issue* as to the constitutional sufficiency of the trial court's instruction on reasonable doubt. Accordingly, we conclude that counsel failed to preserve at trial a claim that the trial court violated defendant's federal due process rights in instructing the jury.[9]

■  That conclusion does not end our inquiry, however. A claim of error that is not preserved in the trial court may be reviewable on appeal if it is an error of law apparent on the face of the record. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). However, in order to review such a claim of error, the appellate court's opinion must first expressly conclude that the error is one of law apparent on the face of the record and, if the error so qualifies, the opinion then must expressly state the basis on which the appellate court decided to exercise its discretion to review the unpreserved claim of error. *Ailes v. Portland*

---

[8] Defense counsel stated:

"I want to except to the failure to give the honest claim of right uniform instruction, * * * the definition of knowing instruction, which I have submitted, the innocence of defendant, proof beyond a reasonable doubt instruction, I take exception with the Court and request that my own would have been given."

[9] Defendant also did not raise the constitutional due process argument in the Court of Appeals, although that does not affect the analysis when the issue was not preserved at the trial level. If the issue had been preserved at the trial level, however, failure to raise the issue in the Court of Appeals precludes review of the issue under ORAP 5.45(2) unless the error is one of law apparent on the face of the record.

*Meadows, Inc., supra,* 312 Or at 382; *State v. Brown,* 310 Or 347, 355-56, 800 P2d 259 (1990).[10] An appellate court opinion that fails to satisfy the requirements stated in *Ailes v. Portland Meadows, Inc., supra,* is itself erroneous for those failures.[11] 312 Or at 383. *See State v. Jensen,* 313 Or 587, 598-99, 837 P2d 525 (1992) (the defendant's argument that confrontation clauses of state and federal constitutions precluded admission of hearsay evidence without preliminary finding that hearsay declarant was unavailable could not be considered on appeal because the defendant made no state or federal constitutional confrontation objection at either of his two trials, and the Court of Appeals did not find that the alleged claim of error was an error of law apparent on the face of the record).

The Court of Appeals' decision on reconsideration does not mention the constitution or address a due process claim. The dissenting opinion to the decision on reconsideration does refer to a due process violation, *State v. Castrejon, supra,* 114 Or App at 304 (Rossman, J., dissenting), but does not suggest that the error was apparent on the face of the record.

Before this court's decisions in *Ailes v. Portland Meadows, Inc., supra*; *State v. Jensen, supra*; and *State v. Brown, supra,* discussed above, this court had held that it was within its discretion to consider an unpreserved claim of error on review *in any case in which the Court of Appeals had done so. State v. Lutz,* 306 Or 499, 502, 760 P2d 249 (1988). In this case, as noted, the dissenting opinion in the Court of Appeals did address the unpreserved claim of error.

---

[10] *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990), also is significant for its holding that ORAP 5.45(2) applies to appellate review in the Supreme Court when it is the first level of appellate review in the same way that it applies to the Court of Appeals and for its definition of the exception in ORAP 5.45(2) for review of unpreserved claims of errors of law apparent on the face of the record.

[11] Such a decision can be subject either to a remand to the Court of Appeals for reconsideration of the issue whether the unpreserved error was an error of law apparent on the face of the record (as was ordered in *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 823 P2d 956 (1991)) or to a reversal of any disposition caused by the improper consideration of the error without an express finding that it was an error of law apparent on the face of the record (as this court did in *State v. Jensen,* 313 Or 587, 598, 837 P2d 525 (1992)).

In *State v. Lutz, supra,* 306 Or at 502, although the defendant did not object at trial to continuing with only 11 jurors, the Court of Appeals addressed that issue. On review, this court first recognized the general impediment to appellate review that lack of preservation causes. *Id.* This court then stated its holding in one sentence: "However, in this case, the issue was considered and decided by the Court of Appeals and, therefore, we address the merits of defendant's claim." *Id.* The holding is supported by a footnote citation to ORAP 10.15(2), currently numbered as ORAP 9.20(2), which provides:

"If the Supreme Court allows a petition for review, the court may limit the questions on review. If review is not so limited, the questions before the Supreme Court include all questions *properly* before the Court of Appeals that the petition or the response claims were erroneously decided by that court. The Supreme Court's opinion need not address each such question. *The court may consider other issues that were before the Court of Appeals.*" (Emphasis added.)

■ The cases decided by this court since *State v. Lutz, supra,* make it clear, however, that an unpreserved claim of error is available for Court of Appeals review (and thus available for review by this court) *only if* (1) the claim of error qualifies as an error of law apparent on the face of the record and (2) the Court of Appeals' decision *expressly* applies the plain error methodology to justify consideration of the question. ORAP 9.20(2), therefore, limits this court's review to questions that were "properly" before the Court of Appeals. That limitation is consistent with *Ailes v. Portland Meadows, Inc., supra,* and *State v. Jensen, supra,* in which this court refused review of unpreserved claims of error that had been considered without express justification by the Court of Appeals.

The final sentence of ORAP 9.20(2) ("[t]he [Supreme Court] may consider other issues that were before the Court of Appeals") does not provide contrary authority for this court to consider *any issue* that was raised in or by the Court of Appeals. First, such a broad reading of the final sentence of ORAP 9.20(2) would completely obviate the preceding sentence in the same rule, which limits this court's review to questions that were "properly" before the Court of Appeals. Second, the final sentence of ORAP 9.20(2) has a

natural meaning, consistent with the preceding sentence in the same rule, *viz.*, to permit this court to review subsidiary appellate issues (properly raised and preserved) that may require resolution once the principal issue on review is resolved, whether or not the Court of Appeals actually decided the subsidiary issue.

*State v. Lutz's* single-sentence holding, that this court may review an unpreserved claim of error if the Court of Appeals did, and the supporting citation to ORAP 9.20(2) do not withstand scrutiny. The decision in *Lutz* was based on a misreading of ORAP 9.20(2). Moreover, later decisions of this court, referred to earlier in this opinion, clearly limit this court's review of unpreserved claims of error in cases of second appellate level discretionary review and require the Court of Appeals first to recognize a preservation problem and then *expressly* to apply the requisite methodology concerning errors of law apparent on the face of the record in its written opinion before the claim of error will be considered by this court on its merits.

■ Thus, in this case, based on defendant's failure to preserve and raise the claimed violation of due process at the trial court or before the Court of Appeals, coupled with a lack of express consideration of the preservation issue in the Court of Appeals, we do not consider the merits of defendant's due process argument.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.