Argued and submitted February 25, affirmed March 23, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH EARL DOTY,
*Appellant.*

## (92-1591; CA A79337)

870 P2d 868

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals the length of the post-prison supervision term imposed after he pled guilty to 10 offenses, pursuant to plea negotiations. The state argues that review is precluded by ORS 138.222(2)(d) as a sentence that resulted from a plea agreement.[1] Defendant contends that review is not precluded by *State v. Adams*, 315 Or 359, 847 P2d 397 (1993), and *State v. Johnston*, 120 Or App 165, 851 P2d 1156, *rev den* 317 Or 272 (1993). He argues that since those cases were decided the legislature amended ORS 138.222(2)(d)[2] to preclude review of "a sentence resulting from a stipulated sentencing agreement" and that there was no such sentence in his case.

We do not address our scope of review. As defendant acknowledges, he did not object to the imposition of the post-prison supervision term. He contends, however, that it is error apparent on the face of the record, because the term exceeds that authorized in OAR 253-05-002. The state contends that defendant's conviction for sexual abuse comes within ORS 144.103,[3] and, therefore, a 10-year term of post-prison supervision on defendant's convictions for sexual abuse in the first degree was not error.

Defendant's unpreserved claim of error is not an error of law apparent on the face of the record. We have no discretion to consider it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991); *see also State v. Farmer*, 317 Or 220, 856 P2d 623 (1993); *State v. Castrejon*, 317 Or 202, 856 P2d 616 (1993).

Affirmed.

---

[1] The state also argues that review is barred by ORS 138.222(2)(a) as a presumptive sentence. We do not reach that argument.

[2] Or Laws 1993, ch 698, § 1.

[3] When defendant was sentenced, ORS 144.103 provided, in part:

"Any person sentenced to a term of imprisonment for violating * * * ORS 163.375, 163.405, 163.408, 163.411 or 163.425 shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

Sexual abuse in the first degree was formerly codified at ORS 163.425 and is currently codified at ORS 163.427. Defendant was convicted of, *inter alia*, sexual abuse in the first degree under ORS 163.427. Defendant and the state dispute whether ORS 144.103 applied to his conviction.