[Civ. No. 27527. Second Dist., Div. Three. Jan. 28, 1965.]

JOSEPH L. WARNER, Plaintiff and Appellant, v. CITY OF LOS ANGELES et al., Defendants and Respondents.

Merrill Albert for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Marcus E. Crahan, Jr., and Jack L. Wells, Deputy City Attorneys, for Defendants and Respondents.

KAUS, J.—Appeal from the denial of a writ of mandate sought by appellant in the superior court.

Respondents are the City of Los Angeles, its mayor, the members of the board of fire commissioners of the city and the chief of its fire department.

 Appellant is a fireman employed by respondent city. Invoking the Constitutions of our country and of our state he protests against a series of regulations and rules of the respondent board which force him to consume his meals at the same time and at the same place as other firemen while on 24 hour duty.[1] The express purpose of the rules in question is to further respondents' policy "against all discrimination on the basis of race, color, national origin or religious belief. . . ."

Appellant asks how respondents can violate his constitutional "freedom of association." He is not asking the right question, which is, whether or not respondents in the interest of proper discipline and morale have the right to determine when and where firemen shall eat while on duty.

There is no question in our minds that the answer is "yes". Whether or not the regulations are the best way to achieve the objective sought by respondents is not for us to say. The courts cannot run fire departments and the determination of respondents should not be disturbed unless it can plainly be seen that their regulations have no relation to a legitimate purpose or are a clear invasion of personal or property rights. *Consolidated Rock Products Co.* v. *City of Los Angeles,* 57 Cal.2d 515, 522 [20 Cal.Rptr. 638, 370 P.2d 342]; *Ex parte Quong Wo,* 161 Cal. 220 [118 P. 714].

We have carefully examined the constitutional authorities cited by appellant. None are in point when applied to a fireman who, upon joining a semi-military organization such as a fire department, necessarily subjects himself to a far greater measure of personal discipline than in another calling. *State* ex rel. *Curtis* v. *Steinkellner,* 247 Wis. 1 [18 N.W.2d 355]; *Perez* v. *Board of Police Comrs.,* 78 Cal.App.2d 638 [178 P.2d 537].[2]

 Appellant also contends that respondents are deprived of any power to make regulations designed to eliminate racial discrimination because the state has occupied the field

---

[1]The record is not clear whether appellant is forced to contribute financially to a common mess which prepares meals on cooking facilities furnished by respondents or whether he is free to bring his own food. The result would not be different. *Gilmore* v. *Personnnel Board,* 161 Cal.App.2d 439 [326 P.2d 874].

[2]In argument appellant ingenuously pointed to the fact that there are no Negroes at his station and that the regulations in question therefore cannot be justified by respondents' desire to "integrate." Color is not the only basis for discrimination. Besides respondents cannot be expected to change their regulations every time a Negro is transferred to a particular station and, anyway, the regulations do not need a desire to eliminate discrimination for their justification.

by the Fair Employment Practice Act, Labor Code sections 1410-1432. We disagree. The regulations in question are designed to eliminate employee discrimination. The Fair Employment Practice Act has no provisions against direct discrimination by employees against other employees. Its thrust is against discrimination by employers and thus does not preclude regulations aimed at employee discrimination.[3]

The judgment is affirmed.

Shinn, P. J., and Ford, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 24, 1965.

---

[3]Respondents suggest in connection with the above argument of appellant that the F.E.P.A. does not apply to a chartered city as employer. In meeting appellant's point directly, we do not mean to imply that we agree or disagree with respondents' suggestion.