[Nos. B063458, B066035. Second Dist., Div. Two. Mar. 24, 1993.]

JIM DELANEY, Plaintiff and Appellant, v.
SUPERIOR FAST FREIGHT, Defendant and Appellant.

**COUNSEL**

Thomas F. Coleman, Robbins, Dalgarn, Berliner & Carson, John Spitals, Alschuler, Grossman & Pines, Burt Pines and Betty Bales for Plaintiff and Appellant.

Arlo Smith, District Attorney (San Francisco), David C. Moon, Assistant District Attorney, John W. Witt, City Attorney (San Diego), John M. Kaheny, Assistant City Attorney, Sharon A. Marshall, Deputy City Attorney, James K. Hahn, City Attorney (Los Angeles), Frederick N. Merkin and Linda K. Lefkowitz, Assistant City Attorneys, Louise H. Renne, City Attorney (San Francisco), Burk E. Delventhal and G. Scott Emblidge, Deputy City Attorneys, Jon W. Davidson, Paul L. Hoffman, Heller, Ehrman, White & McAuliffe, Wayne Stephen Braveman, Timothy J. Toohey, Daniel K. Slaughter, Jeffrey A. Richmond, Matthew A. Coles, Christopher Ho and Michael P. Adams as Amici Curiae on behalf of Plaintiff and Appellant.

McLaughlin & Irvin, Paul Raymond Causey and Mark R. Attwood for Defendant and Appellant.

OPINION

GATES, J.—Jim Delaney appeals from the summary judgment entered against him in his action alleging employment discrimination by defendant Superior Fast Freight (Superior) based upon sexual orientation. (No. B063458.) Superior appeals from the trial court's denial of its request for attorney fees. (No. B066035.)

In a telephone call to a company official, Delaney threatened to kill his supervisor and two other coworkers. He made similar threats over the public airways to a radio talk show psychologist. Superior then terminated Delaney's employment. Delaney lodged a grievance under his collective bargaining agreement on the ground that he could not be discharged without a prior written warning. He also filed a workers' compensation stress claim and a charge with the Department of Fair Employment and Housing (DFEH) claiming discrimination on the basis of sexual orientation.

A provision of the collective bargaining agreement allowed termination without prior written warning in the event a worker actually committed an unprovoked physical assault on another employee or customer. The arbitration panel which heard Delaney's grievance ruled he was entitled to reinstatement without back pay conditioned upon a psychiatrist's medical release. It reasoned Delaney could not be discharged because he had never been given a written warning not to make homicidal threats against other employees. Delaney has not pursued reinstatement.

DFEH determined to take no action and gave Delaney the usual right-to-sue letter. He then filed the present action in superior court, seeking damages in six counts: (1) sexual discrimination and harassment in violation of the Fair Employment and Housing Act (FEHA; Gov. Code, § 12940, subd. (i)); (2) wrongful termination; (3) breach of employment contract; (4) breach of the implied covenant of good faith and fair dealing; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress.

Superior removed the matter to the United States District Court. That court granted summary judgment on the second, third, and fourth counts on the grounds that they were preempted by section 301 of the Federal Labor Management Relations Act (5 U.S.C. § 7101 et seq.). It ordered the remaining three counts remanded to state court.

After remand, Delaney requested leave to amend the original complaint to add two counts, violation of Los Angeles Municipal Code (LAMC) section 49.72 and violation of Labor Code sections 1101 and 1102. The trial court

allowed Delaney to amend the complaint to allege violation of the municipal code, but not the Labor Code. The court ruled the latter claim did not relate back to the filing of the complaint, and thus was time-barred, because the "gravamen of the new Cause of Action is political association." Delaney filed an amended complaint alleging only three counts: (1) violation of LAMC, § 49.72; (2) negligent infliction of emotional distress; and (3) intentional infliction of emotional distress. He thus voluntarily abandoned his FEHA claim.

Superior then moved for summary judgment. The court granted Superior's motion, ruling that LAMC section 49.72 was preempted by the FEHA (Gov. Code, § 12993, subd. (c)), and that the emotional distress counts were barred by the exclusivity provisions of the workers' compensation act. Superior's request for attorney fees pursuant to section 12965 of the Government Code was denied. These appeals followed. While they were pending, Delaney and Superior settled his workers' compensation claim for $17,500, for back and psychic injury.

Delaney contends: "I. The trial court erred in refusing to allow plaintiff to amend his complaint to allege violations of Labor Code sections 1101 and 1102. II. The order granting summary judgment in favor of the defendant was erroneous and should be reversed. III. The trial court erred in ruling that the ordinance is preempted by Government Code section 12993(c). IV. Plaintiff's cause of action for intentional infliction of emotional distress is not barred by the exclusive remedy provisions of the Workers' Compensation Act. V. Harassment and discrimination on the basis of sexual orientation, of the kind alleged in this case, clearly violate fundamental public policies of this state."

I.

Delaney's first contention is meritorious. Because Superior had answered the complaint, Delaney needed leave of court to amend his complaint. (Code Civ. Proc., § 472; see *Laguna Village, Inc.* v. *Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174, 179-182 [197 Cal.Rptr. 99, 672 P.2d 882].)

■ The trial court erred in denying Delaney permission to add a count based upon violation of Labor Code sections 1101 and 1102 on statute of limitations grounds. Delaney stated that he intended to base the count upon the same conduct alleged previously. The count, therefore, related back to the date of filing of the original complaint. (See *Goldman* v. *Wilsey Foods, Inc.* (1989) 216 Cal.App.3d 1085, 1094 [265 Cal.Rptr. 294].)

■ Discrimination on the basis of sexual orientation is outlawed by sections 1101 and 1102 of the Labor Code. In *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 488 [156 Cal.Rptr. 14, 595 P.2d 592], our Supreme Court held that the statutes protect from employment discrimination those "who identify themselves as homosexual, who defend homosexuality, or who are identified with activist homosexual organizations." The court did not address the question whether those who do not openly identify themselves as homosexual are entitled to protection against discrimination based upon the employer's belief that they are.

In 1986, an Attorney General's opinion took the position that if confronted with the issue, our Supreme Court would rule that Labor Code sections 1101 and 1102 protect employees from discrimination on the basis of undisclosed or suspected homosexual orientation. (69 Ops.Cal.Atty.Gen. 80 (1986).) In addition, these statutes have been interpreted by the State Labor Commissioner as barring discrimination on the basis of sexual orientation or the perception of that orientation. (See *In the Matter of Frank Lopez*, app. from a dec. by the State Lab. Comr. before the Director of the Dept. of Industrial Relations, No. 1101-1, Mar. 5, 1992.) The Attorney General's opinion was relied upon by the Governor in his September 30, 1991, veto message regarding Assembly Bill No. 101, which would have outlawed sexual orientation discrimination under the FEHA.

The Labor Code has been amended, effective January 1, 1993, to expressly address this question. The new statute, section 1102.1, provides in relevant part: "(a) Sections 1101 and 1102 prohibit discrimination or different treatment in any aspect of employment or opportunity for employment based on actual or perceived sexual orientation." Assembly Bill No. 2601, which added section 1102.1 to the Labor Code, states that "The purpose of this act is to codify the court decisions in Gay Law Students v. Pacific Telephone and Telegraph, 24 Cal.3d 458 (1979) and Soroka v. Dayton Hudson Corp., 235 Cal.App.3d 654 (1991) prohibiting discrimination based on sexual orientation. *Because this act codifies existing law* and practice by the Labor Commissioner and adds exemptions for small employers and religious organizations that are not exempt under existing law, it is the intent of the Legislature that this act shall not increase state costs beyond what existing law and practice require." (Italics added. See Historical Note, West's Ann. Lab. Code, § 1102.1 (1993 pocket supp.) p. 43.)[1] The Legislature has thereby expressed its approval of the interpretation given by the Attorney General, the State Labor Commissioner, and the Governor.

---

[1]Review has been granted by our Supreme Court (Jan. 13, 1992, S024102) in *Soroka* v. *Dayton Hudson Corp.* (1991) 13 Cal.App.4th 192 [1 Cal.Rptr.2d 77], which expressly held that sexual orientation discrimination was unlawful under Labor Code sections 1101 and 1102.

Although the matters noted above are not binding upon this court in interpreting Labor Code sections 1101 and 1102, they are entitled to consideration and are in this case persuasive. Section 1101, subdivision (b), precludes employers from making, adopting, or enforcing any policy "tending to control or direct the political activities or affiliations of employees"; section 1102 prohibits employers from "coerc[ing] or influenc[ing] or attempt[ing] to coerce or influence [their] employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity." Since one who identifies himself or herself as gay or who defends homosexuality is protected as engaging in political activity (*Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co.*, *supra*, 24 Cal.3d 458), it follows that employer policies against those believed to be homosexual are outlawed as fostering an atmosphere in which gay workers would be compelled not just to forego seeking equal rights but also to hide their sexual orientation.

Delaney sought to allege that he was harassed through lewd comments and conduct by his coworkers and supervisors based upon their perception of him as homosexual. He further averred that he complained about his treatment and was terminated without good cause. We express no opinion regarding Delaney's ability to prevail on the merits, but hold that it was an abuse of discretion to deny his request to amend the complaint to allege violation of sections 1101 and 1102 of the Labor Code.

## II.

Delaney's third contention, however, lacks merit.[2] Even assuming a city is legally capable of creating a right of action between third persons by ordinance (see 6 McQuillin, Municipal Corporations (3d ed. 1988 rev.) § 22.01, p. 380; Sato, *"Municipal Affairs" in California* (1972) 60 Cal.L.Rev. 1055, 1064, fn. 27), Delaney's claim based upon LAMC section 49.72 fails because the subject matter of that ordinance is preempted by state law.

The FEHA in Government Code section 12993, subdivision (c), expressly manifests the Legislature's preemptive intent. (See *Sherwin-Williams Co.* v. *City of Los Angeles* (1993) 4 Cal.4th 893 [16 Cal.Rptr.2d 215, 844 P.2d 534].) It provides: "While it is the intention of the Legislature to occupy the field of regulation of discrimination in employment and housing encompassed by the provisions of this part, exclusive of all other laws banning discrimination in employment and housing by any city, city and county,

---

[2]Delaney's second contention is discussed in connection with parts II and III.

county, or other political subdivision of the state," such legislation should not "be construed, in any manner or way, to limit or restrict the application of Section 51 . . . of the Civil Code [the Unruh Civil Rights Act]."

Clearly, the ordinance in question bans discrimination in employment. LAMC section 49.72(A)(1) provides: "It shall be an unlawful employment practice for an employer to fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment on the basis (in whole or in part) of such individual's sexual orientation." The ordinance was enacted in 1979 to protect persons who live and work in Los Angeles from sexual orientation discrimination. In a letter dated May 18, 1979, the City Attorney of Los Angeles forewarned the city's Public Health, Human Resources and Senior Citizen's Committee that "[q]uestions of possible State preemption of some portions of the Ordinance exist."[3]

Delaney urges that because the FEHA does not ban discrimination on the basis of sexual orientation, the ordinance is not within the field "encompassed by the provisions of this part." We disagree.

The FEHA encompasses discrimination in employment. As noted in *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 77-78 [276 Cal.Rptr. 130, 801 P.2d 373], the FEHA is the amalgamation of two separate former statutes, one of which applied to employment discrimination (the Fair Employment Practices Act or FEPA), and the other to discrimination in housing (the Rumford Fair Housing Act). Both contained provisions displacing local regulation. Government Code section 12993, subdivision (c) is derived from a blending of the two provisions. Its purpose is to preempt local law, but to retain local enforcement authority against housing discrimination under section 51 of the Civil Code.

Discrimination on the basis of sexual orientation is an appropriate ground for statewide regulation, as is evidenced by the recent amendment of the Labor Code, which adds section 1102.1 ("(a) Sections 1101 and 1102 prohibit discrimination or different treatment in any aspect of employment or opportunity for employment based on actual or perceived sexual orientation."). However, we can envision numerous local employment discrimination measures which would impose unreasonable hardship, especially on companies doing business across local borders, particularly in areas such as Los Angeles County which is comprised of over 80 cities.

Delaney relies upon cases which he asserts limit the preemptive effect of the FEHA to those areas of employment discrimination expressly outlawed

---

[3]Amici curiae point out that similar ordinances have been adopted by a number of California cities and counties.

by the act. Those cases are distinguishable. In *Warner* v. *City of Los Angeles* (1965) 231 Cal.App.2d 904 [42 Cal.Rptr. 502], the court held that a challenge by a firefighter to a city regulation which required him to consume his meals at the same time and at the same place as other firefighters who were on 24-hour duty did not implicate the FEPA. Although the purpose of the rule was to further the city's policy against discrimination on the basis of race, color, national origin, or religious belief, the regulation was aimed at discrimination by employees against other employees, not discrimination by employers.

In *Price* v. *Civil Service Com.* (1980) 26 Cal.3d 257 [161 Cal.Rptr. 475, 604 P.2d 1365], our Supreme Court rejected a preemption challenge to an affirmative action plan, because it involved remedial action to overcome the continuing effects of past racial discrimination. The present case does not involve remedial action, but rather additional restrictions on employers. *Alioto's Fish Co.* v. *Human Right Com. of San Francisco* (1981) 120 Cal.App.3d 594 [174 Cal.Rptr. 763], held nondiscrimination and affirmative action clauses in leases entered into with the City of San Francisco did not violate preemption principles because the restrictions were a matter of contract, not general, law.

The case most analogous to the present one is *Citizens for Uniform Laws* v. *County of Contra Costa* (1991) 233 Cal.App.3d 1468 [285 Cal.Rptr. 456]. There, a county ordinance prohibited discrimination against persons with conditions associated with human immunodeficiency virus, including acquired immune deficiency syndrome. The ordinance was drafted by public health officials as part of an effort to secure widespread testing for the virus. The court held that the ordinance was not preempted because its "public health purpose removes it from the field occupied by the state legislation." (*Id.*, at p. 1475.) Here, in contrast, the local ordinance has the same purpose as the FEHA, to outlaw discrimination in employment.

The only basis for avoiding preemption in the present case is that the Legislature failed to outlaw discrimination based upon the particular characteristic in issue. Discrimination in employment, however, is of statewide concern. The Legislature has enacted general legislation and expressly stated its intent to exclude local regulation from the field. We conclude the ordinance is preempted.

## III.

■ Delaney's fourth and fifth contentions are meritorious to the extent they assert a question of fact exists regarding his claim for intentional

infliction of emotional distress. We need not reach the broad issues raised, since the record discloses at least one question of fact (see Code Civ. Proc., § 437c), the parties' intent in executing a compromise and release of Delaney's workers' compensation claim.

Delaney's application for adjudication of his workers' compensation claim was based upon injuries to his psyche and continuing trauma, resulting from harassment on the basis of his sexual orientation, as well as unfair job assignments, friction with his supervisor and coworkers, and unfavorable working conditions. Delaney's claim was disposed of by a "Compromise and Release." This document recited that Delaney had "sustained injury arising out of and in the course of his employment to 1) Back 2) Psyche." It further recited that Delaney "releases and forever discharges said employer . . . from all claims and causes of action, whether now known or ascertained, or which may hereafter arise or develop as a result of said injury . . . ." The release was approved by order of a workers' compensation judge on January 9, 1992, while this case was pending on appeal.

Superior takes the position that the compromise and release bars Delaney's emotional distress claim. Delaney disagrees, asserting the claim is based upon conduct outside the scope and normal risks of the employment relationship and which violates the fundamental public policies of this state.

While it would not be impossible for employees possessed of such emotional distress claims to knowingly agree to abandon them at the same time they settle their workers' compensation case, the form release in issue here does not compel such a conclusion. That is to say, while its language is very broad, encompassing all claims and causes of action arising from the injury suffered, that expansive language is simply that which appears on all standard workers' compensation forms. (WCAB Form 15 (rev. 1983); Cal. Code Regs., tit. 8, § 10874; see Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 13.18, p. 507.) It is preprinted and makes no specific reference to potentially independent civil rights or remedies. Consequently, it may reasonably be understood as releasing only those claims which traditionally fall within the scope of the workers' compensation system. (See Lab. Code, §§ 3600, 3602; and see *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 25 [276 Cal.Rptr. 303, 801 P.2d 1054]; *Hart* v. *National Mortgage & Land Co.* (1987) 189 Cal.App.3d 1420 [235 Cal.Rptr. 68], cited with approval in *Livitsanos* v. *Superior Court* (1992) 2 Cal.4th 744, 747 [7 Cal.Rptr.2d 808, 828 P.2d 1195, A.L.R.4th 2575].)

Moreover, since the settlement was approved after summary judgment was entered, the trial court had no opportunity to consider the parties' intent

in making it. Of course, it is patent that the parties could, and should, have saved themselves and our congested court system considerable effort by simply augmenting their compromise and release to make express reference to Delaney's known claim for intentional infliction of emotional distress. In truth, absent a desire to engage in gamesmanship, one might expect this to be done as a matter of course in order to preclude the possibility that either side contemplates thereafter "sandbagging" or "booby trapping" the other. However, since it was not done here, the intent underlying the settlement must be determined as a question of fact.

## IV.

■ Finally, the trial court did not abuse its discretion in denying Superior's request for attorney fees pursuant to section 12965 of the Government Code.

Section 12965, subdivision (b), provides, in pertinent part: ". . . In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney fees and costs . . . ." The standard applied in analogous federal actions, based upon title VII of the Civil Rights Act of 1964, is that attorney fees may be allowed a successful defendant upon a finding that the action was frivolous, unreasonable, groundless, or in bad faith. (See *Hudson* v. *Western Airlines, Inc.* (9th Cir. 1988) 851 F.2d 261, 267.) Superior contends Delaney's discrimination claim under the FEHA, which he voluntarily omitted from his amended complaint, was frivolous.

Although it has long been the law in California that a claim of discrimination on the basis of sexual orientation could not be made under the FEHA (see *Gay Law Students Assn.* v. *Pacific Tel. & Tel. Co., supra,* 24 Cal.3d 458), Delaney sought relief as well under other theories. A civil action is based upon the injury to the plaintiff, and not any particular legal theory. Certainly Delaney's claims for violation of sections 1101 and 1102 of the Labor Code and section 49.72 of the LAMC could not at this early stage be considered frivolous.

The judgment is reversed. The case is remanded for proceedings consistent with this opinion. Superior to bear Delaney's costs of appeal.

Boren, P. J., and Fukuto, J., concurred.

A petition for a rehearing was denied April 12, 1993, and the petition of appellant Superior Fast Freight for review by the Supreme Court was denied June 3, 1993. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.