43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Magdy Kamel MAKAR, Plaintiff-Appellant,
v.
AVNET, INC.; Hamilton/Avnet Electronics of Arizona, Inc.;
Hamilton/Avnet Electronics of Missouri;
Hamilton/Avnet Electronics of San Diego,
et al., Defendants-Appellees.
 No. 93-56146.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1994.*
Decided Dec. 14, 1994.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Magdy Makar appeals the district court's summary judgment on various state law claims arising out of his termination by Avnet, Inc. Reviewing the district court's summary judgment de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), we affirm.
 
 
 3
 In order to state a claim for breach of an implied contract or breach of the covenant of good faith and fair dealing, Makar must rebut the statutory presumption that he was an at-will employee. Knights v. Hewlett Packard, 230 Cal.App.3d 775, 779-80 (1991); Cal.Labor Code Sec. 2922. In determining whether an implied contract existed, we consider the totality of the circumstances, including Makar's longevity, Avnet's personnel policies and practices, any actions by Avnet reflecting assurances of continued employment, and industrywide practices. Foley v. Interactive Data Corp., 47 Cal.3d 654, 680 (1988). Makar offers evidence that he worked for Avnet for eleven years, received nine promotions, and was the subject of several complimentary letters. Makar offers no evidence that he ever received any oral assurances of job security.[1] Nor does he identify any custom or practice on Avnet's part that would defeat the presumption of at-will employment. Absent evidence of either, his eleven year tenure and assorted promotions are insufficient as a matter of law to establish an implied contract. Miller v. Pepsi-Cola Bottling Co., 210 Cal.App.3d 1554, 1559 (1989) (holding eleven year tenure and concomitant promotions and raises legally insufficient to rebut presumption of at-will employment).[2] Because Makar was an at-will employee, the district court properly entered summary judgment on his first two claims.
 
 
 4
 To survive a motion for summary judgment on his discrimination claims, Makar must raise a genuine issue of material fact as to whether Avnet's proffered justifications for its action are pretextual. Wallis v. J.R. Simplot Co., 26 F.3d 885, 889-90 (9th Cir.1994); Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993); Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991); Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir.1986); Steckl v. Motorola, Inc., 703 F.2d 392, 393 (9th Cir.1983).[3] It is simply not true, as Makar contends, that he need only make out a prima facie case to survive summary judgment. Wallis, 26 F.3d at 890-91. Where, as here, the employer produces a legitimate, nondiscriminatory reason for its action, that response destroys any presumption of discrimination arising from the prima facie case. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993). To establish a genuine issue regarding pretext, Makar must present evidence allowing the trier of fact to infer discrimination, not just that the defendant's explanation is false. Id.; Wallis, 26 F.3d at 892.
 
 
 5
 In response to Avnet's declarations asserting that Makar was laid off as part of a business reorganization, Makar has presented no evidence from which a reasonable trier of fact could infer age discrimination. Makar believes that most Avnet programmers were younger than 40, and that Avnet did not want to spend money to train him, but he offers no evidence to substantiate these beliefs. Similarly, the only evidence Makar can point to raising an inference of national origin discrimination is the fact that he was laid off shortly after the onset of the war against Iraq. From this, Makar would infer that Avnet acted against him because he was Egyptian. Aside from the sheer illogic of the inference, we agree with the district court's conclusion that this is a "mere scintilla of evidence" which cannot defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Summary judgment was properly entered on each of Makar's discrimination claims.
 
 
 6
 Summary judgment was also proper with regard to each of Makar's tort claims. Makar's emotional distress claims allege only distress arising from the act of termination. They do not allege conduct "exceed[ing] the normal risks of the employment relationship." Livitsanos v. Superior Court, 2 Cal.4th 744, 756 (1992). Makar's only argument to the contrary, that Avnet's actions were discriminatory, fails because he has presented insufficient evidence of discrimination. These claims are therefore barred by the exclusive remedy provision of California's Worker's Compensation Act. Id. at 754-56; Cal.Labor Code Secs. 3600(a), 3602(a).
 
 
 7
 Makar's fraud and misrepresentation claims are barred by Foley v. Interactive Corp., 47 Cal.3d 654 (1988) and Hunter v. Up-Right, Inc., 6 Cal.4th 1174 (1993). Under Hunter 's extension of Foley, an employee may recover for fraud or misrepresentation arising out of a wrongful termination only if he can demonstrate some detrimental reliance or injury apart from the fact of termination itself. Id. at 1185-86. Because Makar has not raised a genuine issue of material fact over whether he suffered any injury apart from his termination, he cannot recover on these theories.[4]
 
 
 8
 Avnet, Inc. seeks attorney's fees on appeal. In this diversity case, we apply California law to that question. Kabatoff v. Safeco Ins. Co., 627 F.2d 207, 210 (9th Cir.1980). California law in turn has adopted federal law with regard to attorney's fees in discrimination cases. Delaney v. Superior Fast Freight, 14 Cal.App.4th 590, 600 (1993); Cummings v. Benco Bldg. Servs., 11 Cal.App.4th 1383, 1387 (1992). Under the applicable standard, a defendant will be entitled to fees "only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Applying that stringent test to the appeal before us, we decline to award fees. Although plaintiff's contentions are unavailing, the issues raised are not so completely without doubt as to warrant a shifting of fees.
 
 
 9
 For the foregoing reasons, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Unlike Makar, we find nothing in any promises by Avnet to transfer Makar to computer programming and provide training which might connote an additional promise to only discharge Makar for good cause. We read any transfer promise as just that--a promise to transfer. As Makar himself admitted,
 Q: No one at Avnet ever told you that you could not be fired without good cause, did they?
 A: No.
 Makar Deposition, 5/28/92 at 359.
 
 
 [2]
 Makar's attempted reliance on Foley is unavailing. There, the plaintiff alleged "repeated oral assurances of job security," a breach of termination guidelines limiting the employer's power to discharge, and the exchange of valuable consideration. Foley, 47 Cal.3d at 681-82. Each of these factors is absent here
 
 
 [3]
 This diversity case is of course governed by California law. Nevertheless, "California courts have adopted the methods and principles developed by federal courts in employment discrimination claims" arising under Title VII and the ADEA when analyzing claims, such as Makar's, brought under the California Fair Employment and Housing Act. Cummings v. Benco Bldg. Servs., 11 Cal.App.4th 1383, 1386 (1992); accord Mixon v. Fair Employment & Housing Comm'n, 192 Cal.App.3d 1306, 1316-17 (1987)
 
 
 [4]
 We note that these claims also fail because Makar did not introduce any evidence that misrepresentations regarding job security were in fact made