[No. C038912. Third Dist. Nov. 25, 2002.]

RENAE KOHLER, Plaintiff and Appellant, v.
INTERSTATE BRANDS CORPORATION, Defendant and Respondent.

COUNSEL

Laskin & Guenard, Alan M. Laskin, B. Ross Bozarth; Law Offices of Todd D. Brownell and Todd D. Brownell for Plaintiff and Appellant.

Jackson Lewis Schnitzler & Krupman, D. Gregory Valenza, Stephanie A. Miller and Lisa G. Mercurio for Defendant and Respondent.

OPINION

**ROBIE, J.**—In this action for gender-based harassment under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.), the trial court granted summary judgment in favor of defendant Interstate Brands Corporation (Interstate) on the ground plaintiff Renae Kohler (Kohler) had released Interstate from liability for her FEHA claim by signing a standard workers' compensation compromise and release agreement releasing "all claims and causes of action" against Interstate. Kohler appeals, arguing the broad language of the workers' compensation release was not sufficient to release her civil claims against Interstate. The Supreme Court's recent decision in *Jefferson v. Department of Youth Authority* (2002) 28 Cal.4th 299 [121 Cal.Rptr.2d 391, 48 P.3d 423] (*Jefferson*) compels a different conclusion. Accordingly, we will affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

Kohler began her employment with Interstate in June 1977. While working at Interstate, she claims she was physically and verbally harassed by fellow Interstate employee Ralph Gallego. The details of the harassment are not relevant to this appeal.

In 1999, Kohler filed a workers' compensation claim alleging harassment based on Gallego's actions. Subsequently, on December 30, 1999, she commenced this action by filing a civil complaint against Interstate and Gallego. In her complaint she claimed damages under the FEHA based on Gallego's physical and verbal abuse.

On January 12, 2000, Kohler attended a hearing before the Workers' Compensation Appeals Board (WCAB) with counsel. That day Kohler and Interstate signed a compromise and release agreement for settlement in the amount of $4,000, which was approved by a WCAB administrative law judge. Paragraph 1 of the release states Kohler sought settlement for "injury

arising out of and in the course of employment to *psyche/stress.*"[1] Paragraph 3 states "said employee [Kohler] releases and forever discharges said employer [Interstate] . . . from *all claims and causes of action,* whether now known or ascertained, or which may hereafter arise or develop as a result of said injury." (Italics added.) Interstate was unaware of the present FEHA action at the time the release was signed and approved.

In April 2001, Interstate filed a motion for summary judgment in this action arguing, among other things, that Kohler released her FEHA claims by signing the workers' compensation release. The trial court concluded "[t]he agreement is clear and unambiguous. It leaves no doubt that plaintiff released all of her claims for all known and unknown injuries to her psyche and for stress injuries." Therefore, "parol evidence is not admissible to vary its terms." The trial court entered judgment in favor of Interstate.

## DISCUSSION

The court will grant a motion for summary judgment if all the papers submitted show no triable issue as to any material fact—that is, if there is no issue requiring a trial as to any fact necessary under the pleadings, and ultimately, the law, and the moving party is entitled to a judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 [107 Cal.Rptr.2d 841, 24 P.3d 493].) On appeal we conduct an independent, de novo review to determine if the moving party has met its burden of showing there is no genuine issue of material fact and that summary judgment is proper as a matter of law. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116 [113 Cal.Rptr.2d 90]; *Halvorsen v. Aramark Uniform Services, Inc.* (1998) 65 Cal.App.4th 1383, 1387-1388 [77 Cal.Rptr.2d 383].)

The issue before us is whether, as a matter of law, Kohler's FEHA lawsuit against Interstate falls within the scope of the broad release language in the workers' compensation release Kohler signed. We conclude it does.

In *Jefferson,* the California Supreme Court held that "when . . . an employee has knowledge of a potential claim against the employer at the time of executing a general release in a workers' compensation proceeding, but has not yet initiated litigation of that claim, the employee has the burden of expressly excepting the claim from the release. Absent this exception, and absent contrary extrinsic evidence, a court will enforce general language, such as is found in the compromise and release . . . releasing all claims including civil claims." (*Jefferson, supra,* 28 Cal.4th at p. 310.)

---

[1]The words in italics were written by hand on the release form.

 Here, Kohler clearly had knowledge of a potential FEHA claim against Interstate at the time she executed the general release in the workers' compensation proceeding because she filed her complaint in her FEHA action two weeks before she signed the release. However, unlike the plaintiff in *Jefferson*, Kohler had initiated litigation of her FEHA action by filing her complaint before she signed the workers' compensation release.[2] The question, then, is whether this distinction makes any difference. In other words, did the Supreme Court intend a different rule to apply when an employee has initiated litigation of a claim by filing a complaint, but has not yet served the employer in the action or otherwise notified the employer of the complaint? We think not.

In *Jefferson*, the Supreme Court observed that "if courts did not enforce general releases, an employer . . . seeking a comprehensive settlement, would have to struggle to enumerate all claims the employee might plan to allege. The employer would never be able to know for sure that it had thought of every claim, and therefore it would never be able to put a definitive end to the matter. Employers would then be disinclined to enter into settlements, because certainty as to the full extent of liability is one factor that motivates employers to choose settlement over litigation." (*Jefferson, supra*, 28 Cal.4th at p. 306.)

The *Jefferson* court further stated, "when Jefferson executed the compromise and release in this case covering 'all claims and causes of action,' she fully appreciated the possibility of obtaining FEHA damages. In fact, at the time of the settlement, she had already filed a complaint with the [Department of Fair Employment and Housing] and therefore not only contemplated the possibility of FEHA remedies but was also actively pursuing those remedies. Therefore, when she released 'all claims and causes of action' relating to the injury, she knew, or should have known, that her FEHA claim would fall within the scope of that broad language." (*Jefferson, supra*, 28 Cal.4th at p. 305.) Her employer, by contrast, had no notice of Jefferson's impending lawsuit. (*Id.* at pp. 302-303.)

Thus, the rule stated in *Jefferson* is grounded on the fact that as long as the employer has no knowledge of the litigation, the employee bears the burden of expressly excepting the lawsuit from the broad language of the release. This is also shown by the *Jefferson* court's distinction of two prior Court of

---

[2]The plaintiff in *Jefferson* had received a right-to-sue letter from the Department of Fair Employment and Housing but did not file her FEHA action against her employer until after she settled the workers' compensation proceedings. (*Jefferson, supra*, 28 Cal.4th at pp. 302-303.)

Appeal decisions.[3] The court explained that in those cases "the civil actions were pending at the time the parties executed their workers' compensation settlements, whereas here, Jefferson had not filed her FEHA action when she executed the compromise and release *and the Youth Authority had no basis for assuming she intended to do so.*" (*Jefferson, supra,* 28 Cal.4th at pp. 309-310, italics added.) These passages equate "initiation" of the civil litigation with the employer having knowledge equal to that of the employee about the employee's civil claims.

Therefore, when only the employee knows what claims or causes of action will be pursued, whether a civil action has been initiated or not, as in this case, the rationale of *Jefferson* imposes the burden on the employee to expressly except those claims or causes of action from the broad language of the workers' compensation release. Otherwise, absent extrinsic evidence of a contrary intent, the employer is entitled to rely on the broad language of the release as settling "all claims and causes of action," including those arising under the FEHA.

Here, it is undisputed Interstate did not know of Kohler's FEHA lawsuit when the parties signed the workers' compensation release. Thus, the burden fell to Kohler to expressly except her causes of action under the FEHA from the broad language of the release. Because she did not do so, the only question that remains is whether there is any extrinsic evidence sufficient to support a finding that the parties did not intend the release to encompass Kohler's FEHA lawsuit. We find no such evidence in the record.

Kohler points to the following extrinsic evidence: (1) Kohler discussed the scope of the release with her attorney, who advised her the release would not affect her FEHA lawsuit; and (2) Interstate litigated the FEHA lawsuit for 18 months and made a settlement offer of $200,000 before moving for summary judgment.

The evidence of Kohler's discussion with her lawyer does not create a triable issue of fact as to the intended scope of the release. Kohler declared her attorney "assured [her] that the proposed workers' compensation Compromise and Release would have no affect whatsoever on [her] pending civil lawsuit" and the workers' compensation settlement was to "compensate [her] for only [her] medical bills and time missed from work." ■ Evidence of such discussions is not admissible, however, because one party's subjective intent is irrelevant in determining the meaning of contractual language. (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1166, fn. 3 [6 Cal.Rptr.2d

---

[3]*Lopez v. Sikkema* (1991) 229 Cal.App.3d 31 [280 Cal.Rptr. 7]; *Delaney v. Superior Fast Freight* (1993) 14 Cal.App.4th 590 [18 Cal.Rptr.2d 33].

554].) Therefore, the trial court properly excluded Kohler's declaration, and such excluded evidence does not create a triable issue of fact as to the intended meaning of the broad language in the release.

As for the 18 months of litigation before the summary judgment motion, under some circumstances, the acts of the parties after signing a contract, before any controversy has arisen, may be looked at to determine the intended meaning of the contract. (1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, § 689, p. 622.) However, the fact that Interstate defended the FEHA action for 18 months before seeking to enforce the release by motion for summary judgment, by itself, is not enough to support a finding that when the parties signed the general release they intended to exclude the FEHA lawsuit of which Interstate was not even aware at the time the release was signed. The 18 months of litigation did not preclude summary judgment.

Finally, we disregard any assertion by Kohler of an alleged settlement offer of $200,000 because there is no evidence in the record such an offer was ever made. (*Gold v. Los Angeles Democratic League* (1975) 49 Cal.App.3d 365, 372, fn. 1 [122 Cal.Rptr. 732] [we disregard matters not included in the record on appeal].)

In conclusion, there is no triable issue of fact. Interstate is entitled to judgment as a matter of law because Interstate did not know of Kohler's FEHA lawsuit when the release was executed; Kohler did not expressly except the lawsuit from the release; and there is no extrinsic evidence sufficient to show the parties intended to exclude Kohler's FEHA lawsuit from the broad language of the release. Under these circumstances, the trial court properly enforced the general language of the release as releasing all of Kohler's claims against Interstate, including her FEHA lawsuit.

### DISPOSITION

The judgment is affirmed. Interstate shall recover its costs on appeal. (Cal. Rules of Court, rule 26(a)(1).)

Callahan, Acting P. J., and Hull, J., concurred.